| 33 | 497 |
|-----|-----|
| 100 | 454 |
| 33 | 497 |
| 119 | 454 |
| 33 | 497 |
| 127 | 168 |

P. J. BARBER *et als. v.* R. T. REYNOLDS *et als.*

AMENDED COMPLAINT.—An amended complaint takes the place of the original, and when it is filed the original ceases to perform any further functions as a pleading.

DISSOLUTION OF INJUNCTION.—An amended complaint, by leave of the Court or Judge, may be filed without prejudice to an injunction previously granted, and, when thus filed, the injunction will not be dissolved by reason thereof.

JOINDER OF PLAINTIFFS IN SUIT TO ENFORCE LIENS.—Material men and mechanics who are entitled to a lien on a building, but whose claims are several without any community of interest in the claims themselves, may, under the statute, join as plaintiffs in an equitable action to establish and enforce their liens.

MECHANICS' LIEN WITHOUT WRITTEN CONTRACT.—When a person proceeds to erect a building without making any contract for the erection of the same, material men who furnish the materials, and mechanics who labor on the building, in pursuance of section seventeen of the Lien Law of 1862 are entitled to liens without making a written contract, even if the value of the material furnished or labor performed exceeds two hundred dollars.

INJUNCTION TO RESTRAIN REMOVAL OF BUILDING.—Mechanics and material men who perform labor upon and furnish materials for a building erected by the lessee upon a leased lot, and have a lien for the value thereof, are entitled to an injunction to restrain a judgment creditor of the lessee, whose judgment is younger than the lien, from removing the building from the lot when the security is insufficient without such building.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

On the 11th day of April, 1866, the defendants Reynolds & Washburn leased of Perrine & Walker a lot in San Francisco for the term of fifteen years, and entered into possession under the lease. The lease contained covenants by which the lessees mortgaged to the lessors any improvements they placed on the lot to secure the rent, and it further allowed the lessors, in case of default in the payment of the rent, to re-enter and take possession of the premises and improvements, and provided that in such case the lease should be null and void.

The plaintiffs were P. J. Barber, James Brokaw, Walter M. Rockwell, and Hiram L. Coye, partners under the firm name of Rockwell, Coye & Co.; G. O. Wilson and N. S. Wilson, partners under the firm name of Wilson & Brother; John Daniel, B. Wheaton, James Davis, C. H. Stanyan, and W. H. Staniels, partners under the firm name of Stanyan & Co.; Thos. Cathcart, H. Rosekrans, and S. Read, partners under the firm name of H. Rosekrans & Co. The defendants were said Reynolds & Washburn, and W. A. Green, Henry L. Davis, and George Marsden.

The defendants Reynolds & Washburn, on the 30th day of July, 1866, commenced the erection of a building on the lot, and in so doing purchased materials of some of the plaintiffs and employed others to perform labor on the building. Reynolds & Washburn did not enter into a contract with any one to erect the building, nor did they make any written contract with the various persons from whom they purchased materials, and whom they employed. The claims of some of the firms who were plaintiffs exceeded two hundred dollars.

The claims of these different firms were also several, neither firm having any interest in the claim of any other firm.   The materials were furnished and the labor performed between the 30th day of July, 1866, and the 18th day of September, 1866.   About said 18th day of September, said Reynolds & Washburn failed, and their property was attached, and they soon after made application to be discharged from their debts under the insolvent laws.   At the time of their failure the building had not been fully completed, but had cost at that date about five thousand dollars.   On the 7th day of August, 1866, Reynolds & Washburn confessed a judgment in favor of defendants Green and Marsden for five thousand dollars. The defendants Green and Marsden commenced removing the building, and the plaintiffs commenced this action on the 27th day of November, 1866, to enforce their liens and to obtain an injunction restraining the removal of the building.   The defendants appealed from the order refusing to dissolve the injunction.   The above facts were averred in the complaint.

The other facts are stated in the opinion of the Court.

*Wm. Hayes*, for Appellants, argued that the contracts should have been in writing when the amount exceeded two hundred dollars, and that as there was no averment that such contracts were in writing, no cause of action existed; and cited *Thurman* v. *Stevens*, 2 Duer, 609, and *Lekoy* v. *Shaw*, 2 Duer, 628.   He also argued that there was a misjoinder of parties plaintiff, as no community of interest existed among the several plaintiffs; and cited sections five, six, seven, nine, and seventeen of the Mechanics' Lien Law, and *Berkley* v. *Presgrave*, 1 East. 226.   He also argued that as defendants Green and Marsden were not alleged to be insolvent, the plaintiffs had a complete remedy at law, and a Court of equity would not interpose; and cited *De Witt* v. *Hayes*, 2 Cal. 469; *Hart* v. *Mayor of Albany*, 9 Wend. 572; *Tomlinson* v. *Rubis*, 16 Cal. 202; and Hilliard on Inj., p. 15, Sec. 23.   He argued further, that the filing of an amended complaint necessarily dissolved

the injunction; and cited 1 Barb. Ch. Pr. 644; Hilliard on Inj. 124; and *Dowling* v. *Polack*, 18 Cal. 625; and that the order indorsed on the amended complaint was in effect a new injunction; and cited *Town of Guilford* v. *Cornell*, 4 Abbott P. R. 224.

*C. H. Parker*, for Respondents.

The injunction was properly continued by the order of the Court. (4 Sandf. Ch. 573.) Injunction bills may be amended so as to insert additional facts relating to the same subject matter or contract which existed prior to filing the bill by leave of Court without prejudice to the injunction. (*Walker* v. *Walker*, 3 Kelley, 302.) Plaintiffs obtained a special injunction, and the defendants subsequently filed a general demurrer, after which, and before the demurrer had been set down, the plaintiffs obtained an order as of course to amend without prejudice to the injunction, which was held regular. (*Warburton* v. *London, etc., Railway Co.*, 2 Beav. 253; 8 How. Pr. 59; Lube's Eq. Pl., 2 Am. ed., 88; Willard's Eq. Jur. 342.) An injunction may be issued in a case to enforce a mechanic's lien. (16 Abbott, 314.) Where actions at law are proper to recover damages for waste or trespass upon land, it has been repeatedly held that Courts will interfere by injunction to restrain acts of that character. (*Livingston* v. *Livingston*, 14 Cal. 544; 6 Johns. Ch. 447; Nort.'s Ohio Pl. and Pr. 439; *Spear* v. *Cutler*, 2 Cal. 100; 5 Barb. 486; 6 How. 89; 11 Barb. 194, 596; 3 Sumner, 183; 34 Barb. 547; see, however, 6 Barb. 507.)

By the Court, SAWYER, J.:

Action to enforce a mechanic's lien. Upon filing the complaint, plaintiffs obtained a preliminary injunction to restrain the removal of the building erected upon leased premises, upon which they claimed a lien. Defendants demurred on various grounds, and gave notice of motion to

dissolve the injunction upon the pleadings. Afterwards, but within the time allowed plaintiffs to amend, as of course, by the sixty-seventh section of the Practice Act; they prepared and presented to the Judge an amended complaint, and he thereupon made an order " that said amended complaint may be filed without prejudice to the said injunction heretofore ordered and issued as aforesaid." The original motion to dissolve the injunction was afterwards heard and denied, and, subsequently, a motion to vacate the order granting leave to file an amended complaint without prejudice to the injunction, was also denied, and from these orders, refusing to dissolve the injunction and to vacate said order granting leave, the appeal is taken. If the amended complaint is sufficient to sustain the injunction, the motion to dissolve was properly denied, unless the amendment of the complaint *proprio vigore* worked a dissolution, or entitled defendants to a dissolution. The amended complaint supersedes the original, but there is no dismissal of the action. It simply takes the place of the other. No new or different action is commenced, and no new cause of action is introduced. There is no change in the identity of the cause of action. That is the same as before, and the commencement of the action dates from the filing of the original complaint and issuing of summons thereon. The change consists merely in more fully setting forth the cause of action defectively alleged in the original complaint. It is the former complaint amended. The old complaint, in the form first filed, ceases to be the complaint in the case, or to perform any further function, as a pleading, but the amended complaint falls into its place, and performs the same, and not different functions. The identity of the action is in no respect affected. This was so held in the very case cited by appellants. (*Jones* v. *Frost*, 28 Cal. 246.) The plaintiffs, after demurrer, and before the trial of the issue of law thereon, were entitled to amend as of course. (Practice Act, Sec. 67.) We know of no good reason upon principle why an amendment may not, by leave of the

Court, or Judge, be made without prejudice to a preliminary injunction already granted. The injunction rests upon the same cause of action after amendment as before, and it is in the same suit; and it is settled by the authorities that an amendment may be made on leave without prejudice to the injunction previously granted. (*Seldon* v. *Vermilya*, 4 Sandf. Ch. 573; 1 Hoff. Ch. 301; *Warburton* v. *London and B. R. R. Co.*, 2 Bea. 254; *Pratt* v. *Archer*, 1 Sim. & St. 433; *Pickering* v. *Hanson*, 2 Sim. 488; *Furness* v. *Brown*, 8 How. 59; *Walker* v. *Walker*, 3 Kelley, 302; Lube Eq., 2 Am. ed., 88; Willard's Eq. 342; 1 Eden on Inj. 149.)

Most of the other points arise on the original complaint, and are obviated by the amendments.

As to the point made under the second section of the Mechanics' Lien Law, that contracts involving sums exceeding two hundred dollars must be alleged to be in writing, it is only necessary to say, that several of the contracts were for sums less than two hundred dollars; and that the allegations of the complaint, as we understand them, present a case falling under the seventeenth rather than under the first and second sections.

Another point is, that there is a misjoinder of parties plaintiff, for the reason that there is no community of interest in the several claims held by different plaintiffs. We think the statute relating to mechanics' liens authorizes the joinder. The Act provides a special remedy. It is not so clear as it might be upon some points, but there can be no doubt that it expressly authorizes in several instances parties holding several separate and distinct claims, without any community of interest in the claims themselves, to join in an equitable action to establish and enforce their liens. (Sections 6, 7, and 9.) And those holding liens in pursuance of section seventeen, as these plaintiffs do, may enforce them " in the same manner as other liens hereinbefore provided for." There is no limitation to any class of liens before provided; and uniting in one equitable action is a part of the manner provided, in some cases, at least, if not

for all. And it is not clear that any were designed to be excluded.

We think the complaint, as amended, does show equities entitling plaintiffs to an injunction. The statute gives the plaintiffs a lien upon the building itself. This is their right. They were not bound to look to the personal responsibility of the parties, and certainly not to the personal responsibility of strangers. They had a lien, and upon the faith of this statutory right, the materials were furnished. To remove the building beyond their reach, would be to utterly destroy this right and deprive them of their liens. Although not technically waste, the removal would be in the nature of waste. They show that the building is erected upon leasehold premises, and that without the building the lien would be valueless. They also show that the owners are insolvent, and that the claim of Green and Marsden, the parties threatening to remove the building, arises under a judgment subsequent and subject to the liens of plaintiffs. We find no error in the action of the Court below.

Orders affirmed.