Romero et al., Demandantes y Apelados, *v.* Romero et al., y Solís, Demandados y Apelante la Última.

No. 2806.—*Visto:* Diciembre 3, 1923. *Resuelto:* Abril 30, 1924.

Demanda Enmendada—Demanda Sustituida.—Cuando se presenta una alegación enmendada como sustituta de la alegación original ésta última deja de ser parte de los autos excepto para decidir a los fines de la prescripción, cuándo fué en realidad comenzada la acción y si una nueva causa de acción ha sido presentada, o algo por el estilo.

Nulidad de Título—Reivindicación—Venta de Propiedad Litigiosa.—Una persona a quien se demanda en acción de nulidad, reivindicación, etc., no queda impedida de poder enajenar la propiedad en litigio a no ser que sea mediante una orden de la corte con tal fin. Lo más que podía decirse es que los compradores no pueden ser considerados de buena fe, o terceros.

ID.—PARTES DEMANDADAS—SENTENCIA ACADÉMICA.—La declaración de nulidad del título en cuanto a una demandada que había enajenado sus derechos en la propiedad sería académica tanto si la enajenación tuvo lugar antes de serle notificada la demanda, como si fué después de tal notificación.

SENTENCIA de *Luis Campillo,* J. (Primer Distrito, San Juan), declarando con lugar la demanda, con costas. *Revocada y desestimada la demanda en cuanto a un demandado.*

*I. Hernández,* abogado de la apelante; *M. Moraza,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este fué un caso en el cual por el voto de tres contra dos la sentencia de la Corte de Distrito quedó revocada. Los demandantes y apelados solicitaron la reconsideración de dicha sentencia y uno de sus fundamentos era que el Juez Asociado, Sr. Aldrey, no había tomado parte en la vista del recurso. Esta fué una de las razones que tuvimos para ordenar una nueva vista.

El fundamento de la revocación fué que como éste era un pleito (y así fué considerado por la Corte inferior) principalmente con el fin de que se declararan nulos ciertos alegados títulos pendientes, o reclamaciones sobre bienes inmuebles, la sentencia en favor de los demandantes con respecto a uno de los demandados, María Solís, sería académica toda vez que de los autos aparecía que ella se había desprendido de su título y otro había surgido en el Registro a favor de otras personas. Encontramos que ella se había desprendido del título antes de la radicación de la demanda.

Los demandantes, apelados, alegan ahora que la demanda original fué radicada antes de que la finca fuera vendida, y también invocan el artículo 290 del Código de Enjuiciamiento Civil.

Si se examinan los autos no se encontrará ningún dato que indique cuando fué radicada la demanda original.

Asumiendo, sin embargo, que lo fué con anterioridad a la venta hecha por la demandada, encontramos entonces que

existe una demanda enmendada en los autos, una enteramente nueva y, según nuestra práctica como la entendemos, una alegación substituta. Cuando se presenta una alegación enmendada como sustituta de la alegación original esta última deja de ser parte de los autos excepto para decidir a los fines de la prescripción, cuando fué en realidad comenzada la acción y si una nueva causa de acción ha sido presentada, o algo por el estilo. *Barber* v. *Reynolds,* 33 Cal. 497; *Kelly* v. *McKibben,* 54 Cal. 192; *Redington* v. *Cornwell,* 90 Cal. 50; *Collins* v. *Scott,* 100 Cal. 453; *Tehama* v. *Sisson,* 152 Cal. 179; *Collins* v. *Gray,* 3 Cal. App. 726; *Ross* v. *Flynn,* 189 P. 293; *Hausen* v. *Goodrich* (Mont.) 181 P. 739.

No podemos, sin embargo, asumir en apelación que la demandada María Solís, o alguna otra persona tuvo conocimiento por la demanda original, de la acción como ahora se presenta, ni de que la demanda enmendada no alegaba una causa de acción enteramente nueva o diferente.

Independientemente de todo esto nadie que se le demande en reivindicación o de otro modo, está impedido de poder enajenar la propiedad en litigio a no ser que sea mediante una orden de la corte con tal fin. Lo más que podía decirse es que los compradores no pueden ser considerados de buena fe, o terceros.

En Puerto Rico la radicación de una demanda no constituye una notificación implícita de una reclamación. *Romeu* v. *Todd,* 206 U. S. 358. Si un comprador acude al registro y no encuentra ninguna anotación de *lis pendens,* él no está obligado a examinar más adelante y puede reclamar su condición de tercero. Llama bastante la atención en este caso las indicaciones que existen, por lo menos en el alegato de los demandantes de que no se ofreció en el registro ninguna notificación de la demanda original.

Por tanto, si la demanda original fué o no radicada antes del traspaso, los derechos de los compradores a defenderse contra dichas nulidades no han sido afectados. El

artículo 290 del Código de Enjuiciamiento Civil prescribe lo siguiente:

"Art. 290.—La acción para reivindicar propiedad real contra la persona en cuya posesión estuviere, no puede ser perjudicada por ninguna enajenación que haga tal persona antes o después del comienzo del ejercicio de la acción."

Como hemos dicho, la característica principal de este pleito es obtener ciertas nulidades y no reivindicar. Considerado el origen de este artículo y el hecho de que en los Estados Unidos la acción reivindicatoria es teóricamente una posesoria, la idea era probablemente que una persona en posesión no podía anular el acto de recobrar la posesión desprendiéndose ella misma del título. Los autos no muestran una posesión física por parte de María Solís. Si la posesión se presumía por virtud de una escritura (artículo 1365 del Código Civil) tal presunción queda destruida por la subsiguiente escritura como indica la inscripción en el registro.

Estamos, por tanto, convencidos de que cualquiera declaración de nulidad contra esta demandada, que aparentemente se ha desprendido de todo título e interés en la finca, no podía producir ningún cambio posible de cosas en la ley. Una sentencia generalmente produce algún cambio por traspasar la posesión, quitar obstáculos o declarar un derecho susceptible de cumplirse. Con la sentencia que aquí se solicitó y obtuvo en la corte inferior la situación de los demandantes no mejoraría en ningún sentido. La sentencia así obtenida no podía, como se ha sugerido, ni siquiera ser ofrecida como prueba contra los compradores, toda vez que tal sentencia sería enteramente *res inter alios acta.*

*Debe revocarse la sentencia apelada y desestimarse la demanda en cuanto a María Solís.*

Los Jueces Sres. Presidente del Toro y Asociado Hutchison disintieron.