Rosendo Cotal, demandante-apelante, *v.* Josefina Díaz, demandada-apelada.

No: 4643.—*Sometido:* Febrero 28, 1929.—*Resuelto:* Marzo 12, 1929.

*Tomás Castillo León*, abogado del apelante; *Sergio León Lugo*, abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Conociendo la Corte de Distrito de Ponce de este pleito en grado de apelación originada por la sentencia que en él dictó una corte municipal, sostuvo la excepción previa alegada por la demandada fundada en que la demanda no aduce

hechos determinantes de causa de acción y a instancia del actor dictó sentencia contra el demandante, contra cuyo fallo éste interpuso el presente recurso de apelación en el que alega ser errónea esa sentencia.

Se alega substancialmente en la demanda que el demandante era dueño hasta 1924 de una finca urbana radicada en una calle de la ciudad de Ponce, compuesta aquélla de un solar de 470 metros cuadrados con 67 centímetros en el que está fabricada una casa de maderas con techo de zinc, estando tasada oficialmente la finca en $420, o sea en $350 el solar y en $70 la casa: que en la fecha expresada el colector de rentas internas de Ponce embargó esa finca para el cobro de $32.38 por las contribuciones que adeudaba y la vendió en pública subasta a la demandada por dicha cantidad: que la casa considerada aisladamente es un bien vendible de lícito comercio por ser pequeña, de maderas y no agregada permanentemente al fundo, que podía trasladarse sobre ruedas de un punto a otro de la ciudad sin menoscabo de ninguna clase según la reconocida y antigua costumbre del país; y que el procedimiento seguido por el colector para el embargo y venta de la finca es nulo porque embargó la totalidad o sea el solar y la casa cuando para responder del pago de los $32.38 debidos era bastante embargar y vender la casa solamente por ser el valor de ésta en tasación mayor que la cantidad adeudada. Por esas alegaciones solicitó que fuese declarado nulo el embargo y venta de la finca y que la demandada le devuelva el solar y la casa.

Dice la parte apelada en su alegato ante nosotros que carecemos de jurisdicción para resolver esta apelación porque no versa sobre nulidad de la tasación de $420 dada a la finca sino sobre la nulidad de la venta hecha por el colector por precio de $32.38, cantidad ésta que es inferior a la de $300 fijada por la ley que nos confiere jurisdicción para resolver esta clase de apelaciones.

Según el artículo 295, No. 2, del Código de Enjuiciamiento

Civil, enmendado en 1905, podrá establecerse apelación de una sentencia de una corte de distrito dictada en apelación de una corte inferior si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses excediera de trescientos dólares; y si bien se solicitó en este pleito que se declarara nulo el embargo y la venta de la finca hecha por $32.38, su objeto es reclamar la devolución o entrega de una finca que vale $420, perdida en la subasta, mediante la declaración de la nulidad alegada, por lo que siendo el valor de la cosa reclamada superior a $300 tenemos jurisdicción para resolver esta apelación.

██ Como se desprende de las alegaciones de la demanda, la única causa aducida para solicitar que la casa y el solar sean devueltos al demandante por la compradora en la subasta, única demandada, es que el colector de rentas internas debió embargar y vender solamente la casa y que por no haberlo hecho así resultan nulas las diligencias de embargo y de venta por él realizadas.

Aunque el artículo 339 del Código Político dispone que el colector de rentas internas embargará y venderá cantidad suficiente de los bienes inmuebles del contribuyente moroso para el pago de las contribuciones, no es nula la venta que hizo de la finca en cuestión compuesta de solar y de la casa en él fabricada porque teniendo los edificios y las construcciones de todo género adheridas al suelo el concepto de bienes inmuebles, según el artículo 335, No. 1, del Código Civil, la casa del demandante formaba parte del solar, constituyendo así solar y casa una sola finca; y aceptando como cierto, como alega el apelante, que esa casa podía ser separada de su solar y ser trasladada a otro sitio sin detrimento para ella y que por esto era vendible independientemente del solar, sin embargo, el colector no ha cometido acto alguno nulo porque él no está obligado por la ley a investigar y a decidir en cada procedimiento si las casas pueden ser sepa-

radas sin detrimento alguno del terreno en que han sido fabricadas de modo que puedan ser vendibles aisladamente, al efecto de embargar y vender las casas aisladamente de la tierra en que están. Además, disponiendo el artículo 315 del Código Político que los embargos por contribuciones atrasadas sea de bienes inmuebles o de muebles producirán el mismo efecto que un fallo judicial contra la propiedad embargada, y disponiendo el artículo 253 del Código de Enjuiciamiento Civil que si en la venta judicial se hallare presente el deudor declarado tal en la sentencia podrá determinar el orden para la venta de la propiedad real o personal cuando se componga de varias parcelas o lotes conocidos, o de objetos que puedan venderse con ventaja separadamente, debiendo el márshal ceñirse a sus instrucciones, el apelante tuvo una oportunidad de solicitar que la casa fuera vendida separadamente del solar, lo que no se alega que hiciera.

Por las razones expuestas la sentencia apelada *debe ser confirmada.*