Jesús Pérez Cosme y José Cruz, peticionarios, *v.* Corte de Distrito de San Juan, Hons. A. R. de Jesús y Pablo Berga, Jueces, demandada.

No. 962.—*Sometido:* Abril 23, 1934. *Resuelto:* Septiembre 29, 1934.

*Edelmiro Rivera Martínez,* abogado de los peticionarios; *B. Dávila Rodríguez,* abogado del interventor, demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

A instancia de Jesús Pérez Cosme y de José Cruz libramos un auto de *certiorari* y reclamamos los autos de la corte inferior.

El colector de rentas del pueblo de Toa Baja embargó una finca de doce cuerdas y setenta y un céntimos de otra, valorada en más de $500, inscrita a favor de Vicente Montañez y radicada en un barrio de aquel pueblo, para cobrar contribuciones debidas por Juana Beatriz Vázquez. Vendida la finca en subasta fué adjudicada a Domingo Ríos por precio de $16.17, a quien entregó el colector el certificado de compra el 30 de junio de 1932. Poco más de un mes después, el 9 de agosto siguiente, notificó el colector esa venta a Jesús Pérez Cosme y a José Cruz quienes tenían embargos en dicha finca, el primero por $1,000 y el segundo por $500. El 31 de julio de 1933, antes de transcurrir un año contado desde la

notificación a dichos embargantes, éstos ofrecieron al comprador Ríos los $16.17 que había pagado en la subasta más las otras cantidades que requiere la ley para poder redimir la finca, pero Ríos se negó a aceptarlos. En vista de esos hechos, Jesús Pérez Cosme y José Cruz demandaron en la Corte de Distrito de San Juan a Domingo Ríos y al Tesorero de Puerto Rico consignando en la corte la cantidad de $47.48 que ofrecieron a Ríos y solicitaron que la corte tuviese por bien hecha la consignación del dinero y que ordenara la cancelación en el Registro del certificado librado a favor de Domingo Ríos. A esa demanda agregaron otras dos causas de acción: para que se declarase nula la subasta y también el certificado de compra librado por el colector. Ordenó la corte la citación de los demandados por si querían oponerse a la consignación y así lo hicieron ellos objetando dicha consignación por varios motivos. Desistieron los demandantes de su acción contra el Tesorero y solicitaron sentencia a su favor contra Ríos por las alegaciones. La corte la negó diciendo que los demandantes no se ajustaron en el procedimiento de consignación al que prescribe el artículo 349 del Código Político y que suponiendo que la corte tenga jurisdicción por la materia, lo que niega, es ineficaz para este caso porque el procedimiento especial del Código Político excluye el general del Código Civil. Al negarse la corte a reconsiderar esa resolución agregó que al procedimiento de consignación no pueden acumularse otras causas de acción, como lo han hecho los demandantes, que son incompatibles con la de consignación; y que la corte no tiene jurisdicción para conocer de la consignación por la cuantía de ella ni tampoco por la materia de acuerdo con el Código Político. Después de esas resoluciones, los demandantes, con permiso de la corte, radicaron demanda enmendada en la que prescindiendo de las dos causas de acción de nulidad que antes habían expuesto alegaron el ofrecimiento de pago hecho el 31 de julio de 1933 a Ríos para redimir la finca y que por su negativa a aceptarlo acudieron al Registrador de la Propiedad de San

Juan el 5 de agosto de 1933, acompañados de dos testigos que presenciaron la oferta hecha a Ríos para que ante dicho funcionario juraran dichos hechos a fin de que éste actuara de acuerdo con el artículo 349 del Código Político y diese por redimida la finca, y que el Registrador rehusó aceptar el dinero y el juramento ofrecidos porque el certificado de compra fué expedido el 30 de junio de 1932. Por esa razón los demandantes consignaban el dinero en la corte para que dictase sentencia dando por redimida la finca y por restituído en ella a su anterior dueño, sujeta a los embargos, por pagado Ríos de dicha suma y que ordenase al registrador que anule y deje sin efecto la inscripción que hizo a favor de Ríos. Solicitó el demandado Ríos la eliminación de la demanda enmendada y la corte dictó sentencia ordenando dicha eliminación y el archivo y sobreseimiento del caso por carecer de jurisdicción para conocer del asunto por el procedimiento de consignación.

Después de esas actuaciones nos fué presentada la solicitud de *certiorari* en la que se alega como fundamento de ella y en relación sustancial con los hechos expuestos que las resoluciones de la corte inferior son erróneas porque tiene jurisdicción sobre el asunto tanto por razón de la cuantía como de la materia: porque en la demanda no existe indebida acumulación de acciones y porque la demanda enmendada alega los mismos hechos y se refiere a una de las acciones alegadas en la demanda original y da jurisdicción a la corte sobre las partes, sobre la materia y sobre el objeto de la acción.

Domingo Ríos, como interventor, alega que el auto de *certiorari* es improcedente porque la petición no expone error alguno de procedimiento: porque los errores que menciona son de derecho: y porque todas las resoluciones de que se queja son apelables.

Podríamos anular el auto librado en este caso porque de las diligencias que nos ha remitido la corte inferior aparece que ha sido dictada sentencia ordenando el sobresei-

miento y archivo del pleito de los peticionarios poniendo así término a él, por lo que las cuestiones propuestas en este recurso extraordinario pueden resultar propiamente en la apelación contra la sentencia. Sin embargo, para la más rápida administración de la justicia y toda vez que hemos librado el auto de *certiorari,* nos parece conveniente en este caso decidir ahora las cuestiones suscitadas.

■ En la primera demanda se hacía una consignación para que se declarase bien hecha y redimida la finca vendida para el pago de contribuciones y se ejercitaban dos causas más de acción sobre nulidad; pero esa demanda ha quedado substituída para todos los fines, excepto en cuanto a la fecha de su presentación, por la enmendada que ha sido radicada, por lo que a la última nos referiremos únicamente al resolver este recurso. *Sucn. Chavier* v. *Sucn. Giráldez,* 15 D.P.R. 154; *Romero* v. *Romero y Solís,* 33 D.P.R. 108.

■ Por lo que hemos consignado respecto a la demanda enmendada, su objeto es que puesto que el registrador de la propiedad se negó a admitir la consignación que se le hacía por los demandantes de acuerdo con el artículo 349 del Código Político y las declaraciones juradas respecto al ofrecimiento hecho al comprador de la finca vendida del dinero para redimirla por haber acudido a él el 5 de agosto de 1934, o sea, después de un año contado desde el 30 de junio de 1932, en que el certificado de compra fué entregado al comprador, declare el tribunal, con la consignación que hace ante él de la cantidad de $47.48, que la finca ha sido redimida a favor de su dueño anterior. En otras palabras, que habiendo ofrecido los demandantes el dinero para la redención antes del 9 de agosto de 1933, cuatro días antes de transcurrir un año contado desde que la venta fué notificada a los demandantes por los embargos que tenían sobre la finca, tienen derecho a que declare el tribunal que la finca ha sido redimida.

No se trata ahora, como en la demanda original, de una consignación hecha de acuerdo con los preceptos del Código

Civil sino de que habiéndose seguido para la redención el procedimiento especial fijado para casos como el presente por el Código Político, el registrador se ha negado a aceptarla por entender, equivocadamente según los demandantes, que el tiempo de redención concedido por la ley se cuenta desde la fecha del certificado de venta entregado al comprador.

De la demanda enmendada no surge que la Corte de Distrito de San Juan careciera de jurisdicción en este asunto por razón de la materia puesto que alega haber seguido para la redención el procedimiento establecido por el Código Político pero que no le fué aceptada por el registrador, por lo que el tribunal tiene jurisdicción para resolver si la consignación fué hecha en tiempo ante el registrador y, por consiguiente, si la finca ha sido redimida.

Con respecto a si la corte tiene jurisdicción para conocer de la demanda enmendada por razón de la cuantía, se ha resuelto por este tribunal en el caso de *The Juncos Central Co.* v. *Del Toro*, 30 D.P.R. 330, en el que se hizo una consignación de $60 en una corte de distrito ofrecidos al acreedor y no aceptados por él, que la corte de distrito no tenía jurisdicción sobre el asunto por razón de la cuantía sino la corte municipal. En otro caso, el de *García* v. *Fernández*, 8 D.P.R. 106, se hizo una consignación de $30 en la corte municipal, debidos como consecuencia de un contrato de arrendamiento por seis años que importaba más de $2,000, y este tribunal resolvió la apelación contra la sentencia que dictó la corte de distrito al conocer de nuevo de ese asunto de la sentencia de la corte municipal, por lo que según esa jurisprudencia la consignación de $47.48 hecha en el caso presente no dió jurisdicción a la corte de distrito para conocer del asunto. A las cortes municipales corresponde, según la ley, el conocimiento de todos los asuntos civiles que se promuevan en su distrito hasta la suma de $500, intereses inclusive. *Pujals Carlo* v. *Corte*, 40 D.P.R. 92. Los peticionarios del auto alegan que la corte de distrito tiene jurisdicción por la cuantía porque la consignación que hacen es

para redimir o recobrar una finca que vale más de $500, por lo que el valor de la finca y no el de la consignación es el que determina la jurisdicción de la corte y citan el caso de *Cotal* v. *Díaz*, 39 D.P.R. 289; pero ese caso no es de aplicación al presente porque no se trataba de una consignación de dinero sino de que la corte municipal ante la cual fué presentado el pleito declarase nula la venta hecha por un colector de rentas para el cobro de contribuciones porque vendió un solar con casa valorado en $420 cuando vendiendo solamente la casa tasada en $70 hubiese cobrado los $32.38 debidos por contribuciones; y como se trataba de la nulidad de la venta de la finca valorada en $420 dijimos que por ser esa cantidad superior a $300, que es la que nos da jurisdicción en asuntos civiles iniciados en las cortes municipales, podíamos conocer de la apelación establecida contra la sentencia que dictó la corte de distrito al conocer del caso en apelación.

■■ Hay otra cuestión fundamental en este caso respecto a cuándo empieza a contarse el año concedido por el artículo 348 del Código Político para redimir las fincas vendidas para el pago de contribuciones.

Nuestro derecho de redención es estatutario por lo que la persona con derecho a redimir debe ajustarse a los requisitos en él exigidos. 61 C. J. 1241.

El Código Político como fué aprobado en 1902 sólo concedía por su artículo 348 el derecho de redimir los bienes inmuebles vendidos para el pago de contribuciones al dueño de ellos, a sus herederos o cesionarios o a sus agentes debidamente autorizados, dentro de noventa días después de haberse expedido el certificado de venta. Por la enmienda hecha a ese artículo en 1910 (Ley No. 46 de 1910, pág. 148) se amplió ese derecho de redención a cualquiera persona que tuviera algún derecho o interés en dichos bienes y también se amplió el tiempo para la redención a un año, que según esa enmienda deberá contarse desde la fecha del certificado de compra. Eso es demostración de que las personas que

tenían interés en las fincas vendidas para el pago de contribuciones por ser acreedores hipotecarios o tener otro gravamen sobre ellas no tenían el derecho de redención que ahora les ha sido concedido y, también, de que el plazo de redención que ahora es de un año ha sido más concretamente determinado porque dispone que se contará desde la fecha del certificado de compra. Por consiguiente, por precepto expreso de la ley ese plazo ha de contarse de ese modo para todas las personas que tengan derecho de redención, salvo que la notificación hecha por el colector de rentas sea tan tardía que haga ineficaz ese derecho concedido por la ley. Esto no ocurre en el caso presente, pues siendo el certificado de compra de fecha 30 de junio de 1932, la notificación fué hecha a los peticionarios y demandantes en 9 de agosto siguiente, lo que ellos no niegan, por lo que tuvieron casi once meses para redimir la finca, sin que ejercitaran su derecho antes de transcurrir un año contado desde el certificado de venta.

*Por lo expuesto el auto de* certiorari *librado en este caso debe ser anulado.*