BARCELÓ, MARQUES & CÍA., S. EN C., demandante y apelante, v. SUCRS. DE JOSÉ FERNÁNDEZ, S. EN C., JUAN PIZÁ y RAFAEL QUIÑONES VIDAL, demandados y apelados.

Núm. 8302.—*Sometido:* Enero 20, 1941. *Resuelto:* Febrero 11, 1941.

*Dubón & Ochoteco,* abogados de la apelante; *E. Martínez Rivera,* abogado de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se pide la desestimación del recurso interpuesto en este caso. Ambas partes fueron oídas sobre la moción el veinte de enero último, archivando luego memoranda en apoyo de sus respectivas pretensiones.

De la moción y de la certificación acompañada a la misma resulta que en octubre 9, 1940, Barceló, Marques & Cía., S. en C., demandaron ante la Corte de Distrito de San Juan a Sucrs. de José Fernández, S. en C., Juan Pizá y Rafael Quiñones Vidal en solicitud de que se decretara cierto *injunction* permanente contra ellos dirigido y que entre tanto se expidiera un auto preliminar, poniéndose inmediatamente a las partes en entredicho.

El propio día de presentada la demanda la corte decretó el entredicho solicitado y ordenó la comparecencia de los demandados para mostrar causas "por las cuales no deba expedirse el *injunction* preliminar", fijando para la comparecencia el quince del mismo mes de otubre, 1940.

En dicha fecha la demandada radicó una excepción previa a la demanda que fué declarada con lugar el 22 de noviembre siguiente en los siguientes términos:

"Con lugar las excepciones previas propuestas, dejando sin efecto el entredicho y se deniega asimismo la solicitud de injunction preliminar."

Notificada la resolución a las partes el 25 de noviembre, interpuso la demandante contra ella el 5 de diciembre siguiente el presente recurso de apelación.

Así las cosas, dos días después la demandante apelante archivó en el pleito en la corte de distrito una moción solicitando permiso para radicar demanda enmendada, a la que proveyó la corte: "Como se pide", concediendo a los demandados diez días para alegar contra la demanda enmendada.

La súplica de ésta es igual a la de la demanda original, esto es, se solicita por ella un injunction perpetuo, otro preliminar entre tanto y una orden de entredicho.

Basándose en esos hechos, la parte demandada y apelada sostiene que la apelación interpuesta para ante esta Corte Suprema contra la resolución de noviembre 22, 1940, resulta académica y, por tal motivo, solicita su desestimación.

■■ A nuestra juicio la desestimación procede. En el caso de *Romero* v. *Romero y Solís,* 33 D.P.R. 108, 110, esta corte por medio de su Juez Asociado Sr. Wolf, se expresó así:

"... Cuando se presenta una alegación enmendada como substituta de la alegación original esta última deja de ser parte de los autos excepto para decidir a los fines de la prescripción, cuándo fué en realidad comenzada la acción y si una nueva causa de acción ha sido presentada, o algo por el estilo. *Barber* v. *Reynolds,* 33 Cal. 497; *Kelly* v. *McKibben,* 54 Cal. 192; *Redington* v. *Cornwell,* 90 Cal. 50; *Collins* v. *Scott,* 100 Cal. 453; *Tehama* v. *Sisson,* 152 Cal. 179; *Collins* v. *Gray,* 3 Cal. App. 726; *Ross* v. *Flynn,* 189 P. 293; *Hausen* v. *Goodrich* (Mont.) 181 P. 739."

Diez años después la regla así sentada se citó con aprobación en *Pérez* v. *Corte,* 47 D.P.R. 580, 584.

La actitud asumida por la parte demandante y apelante al presentar en el pleito una demanda enmendada es inconsistente con la que tomó al establecer su apelación y no puede sostener ambas en pie.

Para basar su contención de que su apelación no es académica, cita la demandante apelante el caso de *Baldwin* v. *American Trading Co.,* 195 Cal. 209. Lo hemos examinado y aunque encontramos que la decisión tiene puntos de contacto con este caso, es lo cierto que se basó en hechos y circunstancias algo diferentes.

Quizá la cuestión envuelta en esta apelación puede que no resulte académica por completo en el futuro, pero lo que no puede admitirse es que la parte continúe el litigio en la corte inferior y a la vez prosiga su apelación en esta Corte

Suprema. Como ya dijimos, no hay consistencia entre la actitud asumida en una y otra corte por la parte apelante, y habiendo dicha parte solicitado permiso para enmendar su demanda después de interpuesto el recurso y habiéndosele concedido dicho permiso y radicádose la demanda enmendada y continuado el pleito, debe entenderse que abandonó su apelación.

Además es cuestión que debe tomarse en consideración y que milita en pro de la desestimación la de la naturaleza de la orden apelada, y a ese efecto parece conveniente citar el caso de *Sucesión Padró* v. *Lloreda*, 24 D.P.R. 766 y la reciente decisión de este tribunal en *Méndez & Cía.* v. *Corte de Distrito*, 57 D.P.R. 845.

*La moción debe declararse con lugar y en su consecuencia desestimarse el recurso.*