[Civ. No. 13437.   First Dist., Div. Two.   Jan. 26, 1948.]

ALBERT J. GUTKNECHT, Appellant, v. EMMET W. PAUL, Respondent.

Raymond J. O'Connor and Regis J. Swetman for Appellant.

Bullock, Wagstaffe & Daba for Respondent.

DOOLING, J.—Plaintiff and defendant are both veterinarians. In 1935, defendant sold a veterinary business and pet hospital theretofore conducted by him to one Dr. Haidy. He covenanted not to engage in a similar business within "an area of five miles" from the location sold and this contract ran to the purchaser's heirs and assigns. Plaintiff later purchased the business from Haidy. Defendant applied to the city council of Redwood City for a use permit for a dog and cat hospital and a hearing was set for June 17, 1946, thereon. Plaintiff learned of this application, was present at the hearing, greeted defendant but made no objection to his construction of the proposed hospital. Thereafter plaintiff visited the premises where defendant was constructing his hospital on several occasions but made no objection. On July 19, 1946, after defendant had expended $7,500 on the project, he was served with summons and complaint in this action. Defendant testified that he acted in the belief that

his covenant not to reengage in business was a personal one with his vendee.

The trial court found the action barred by plaintiff's laches and gave judgment for defendant. We cannot interfere with the trial court's discretion in making this finding.

"Laches is a question of fact, on the evidence, and must be determined by a consideration of all the circumstances of each particular case. (Citation.) It is a question to be determined primarily and very largely by the trial court, and an appellate court will not interfere with its discretion in this respect unless manifest injustice has been done, or unless its conclusion cannot reasonably be held to find support in the evidence." (*Wolpert* v. *Gripton,* 213 Cal. 474, 483 [2 P.2d 767].)

Here plaintiff stood by without protest while defendant believing (although mistakenly) that his covenant did not run to plaintiff expended $7,500 in good faith. The case falls within the rule announced in *Vesper* v. *Forest Lawn Cemetery Assn.,* 20 Cal.App.2d 157, 165 [67 P.2d 368]. Since the finding on laches fully supports the judgment errors alleged in connection with other issues need no discussion.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.