[Civ. No. 8414. Third Dist. Oct. 19, 1954.]

HANDYSPOT COMPANY OF NORTHERN CALIFORNIA (a Corporation), Respondent, v. SID BUEGELEISEN, Appellant.

George E. Dilley and John R. Jacobson for Appellant.

DeMeo & DeMeo for Respondent.

WARNE, J. pro tem.*—This is an appeal from an order granting a preliminary injunction, and enjoining appellant from soliciting the trade of those of its former customers whose accounts had been transferred to respondent pursuant to a written agreement between the parties.

Prior to November 13, 1950, appellant had an established business which consisted of selling various drugs, sundries,

*Assigned by Chairman of Judicial Council.

and novelty items to certain retail establishments in the counties of Mendocino and Sonoma. Appellant regularly serviced the stores to whom it sold such goods, and, as needed, replenished the stock which was displayed on racks furnished therefor by appellant.

On November 13, 1950, appellant and respondent executed a written agreement under the terms of which appellant was to sell all its merchandise to respondent, and "to use its best efforts to transfer all of its customers" to respondent, who was to pay $5,000 for the transfer of at least 40 of approximately 65 large accounts set forth in a list attached to the agreement. Prices not in excess of $100 each were fixed for smaller unnamed accounts. No compensation was to be paid for any account whose monthly sales were less than $50. The contract provided that appellant would conduct the business for its own benefit and profit until December 15, 1950, but thereafter it would do so solely as agent for, and on behalf of, respondent until the "completion" and "closing" of the agreement, which was to be no later than January 31, 1951, except that appellant was to continue "to do business on the same basis as formerly, with those customers not yet transferred" to respondent. There was no express sale of good will and no covenant that appellant would not engage in a competitive business.

The present action was brought to enjoin appellant from soliciting the trade of customers whose large accounts had been transferred to respondent, and from attempting to dissuade them from doing business with respondent. Appellant interposed a general demurrer to the first amended complaint on the ground that its complained of conduct was not enjoinable since the written agreement which was incorporated in respondent's pleading by attachment and reference thereto did not contain a covenant against competition.

Prior to a ruling on the demurrer, a hearing was held on respondent's application for a preliminary injunction to restrain the appellant from violating the agreement between the parties, and from competing with respondent in the "drug rack" business in Sonoma and Mendocino Counties. At the hearing on said application the appellant stipulated that it had solicited the trade of at least five of the customers whose large accounts had been transferred to respondent, but maintained that it was entitled to do so as it had not sold its good will nor covenanted not to compete. No evidence was introduced in aid of interpretation of the agreement between the parties, but the trial court concluded that under the terms

there was an implied sale of the good will of appellant's business, and that, therefore appellant should be enjoined during the pendency of the action from soliciting the former trade of its customers whose accounts had theretofore been transferred to the respondent, pursuant to the written agreement between the parties.

Up to and including the hearing on the preliminary injunction, appellant had not answered the verified first amended complaint on file, had not filed any affidavit denying any of the facts set forth in said amended complaint, nor did he offer any evidence whatsoever at the hearing. The hearing was limited by the trial court to the first cause of action. Appellant bases a part of his argument for reversal upon the ground that before a preliminary injunction is warranted, there must be on file a complaint which states a sufficient cause of action for injunctive relief of the character embraced in the preliminary injunction. (*Moreno Mut. Irr. Co.* v. *Beaumont Irr. Dist.*, 94 Cal.App.2d 766 [211 P.2d 928].) While the rule of law is correctly stated, it does not apply to the case at bar.

The rule is well settled in California that a court may grant a preliminary injunction based on a complaint which may be subject to general or special demurrer. (*Barber* v. *Reynolds*, 33 Cal. 497; *County of Tehama* v. *Sisson*, 152 Cal. 167 [92 P. 64]; *Humphrey* v. *Buena Vista Water Co.*, 2 Cal.App. 540 [84 P. 296]; *McPheeters* v. *McMahon*, 131 Cal. App. 418 [21 P.2d 606].) Any defects which might appear in the first cause of action may be corrected by the filing of an amended complaint showing good grounds for the injunction. (*Barber* v. *Reynolds, supra*; *County of Tehama* v. *Sisson, supra*.)

Appellant argues that since the written agreement, which is a part of the plaintiff's first amended complaint does not contain a covenant not to compete, he had a right to enter into competition with respondent (*Diller* v. *Schindler*, 88 Cal.App. 250 [263 P. 277]; *Summerhays* v. *Scheu*, 10 Cal.App.2d 574 [52 P.2d 512]); and further that any such covenant would have been void under section 16600 of the Business and Professions Code as a contract in restraint of trade, as there was no sale of the good will of the business so as to bring it within the exception contained in section 16601 of the same code; and therefore plaintiff's first amended complaint does not state a sufficient cause of action for injunctive relief of the character granted.

We are of the opinion that by a fair interpretation of the

entire contract, it indicates upon its face the sale of a business. The only physical assets of appellant's business consisted of its stock of merchandise and display racks. Appellant agreed to sell these to the respondent, and respondent, in its first amended complaint, alleges that "plaintiff has performed all the conditions and provisions of said Agreement on its part to be performed." In addition to the sale of stock of merchandise and display racks, appellant expressly agreed *"to use its best efforts to transfer all of its customers"* to the respondent by having them sign an agreement "as required by" respondent. (Emphasis added.)

The good will of a business is the expectation of continued public patronage. (Bus. & Prof. Code, § 14100.) █ The only thing appellant could "use its best efforts to transfer" was the "expectation" which it had of the customers' continued patronage, and while "good will" is not susceptible of manual delivery, it is transferable. (Bus. & Prof. Code, § 14102.) █ A sale of the property and the business to which a good will adheres transfers the good will to the vendee, although not specifically mentioned in the contract of sale. (*Mahlstedt* v. *Fugit,* 79 Cal.App.2d 562 [180 P.2d 777] ; *Grace Bros.* v. *Commissioner of Int. Rev.,* 173 F.2d 170; *Shafer* v. *Sloan,* 3 Cal.App.335 [85 P. 162] ; 24 Am.Jur. 810, § 13; 38 C.J.S. 958, § 12 (2).)

█ The seller of good will, even in the absence of restricted covenant not to compete, will not be permitted to destroy the value of the good will by canvassing directly with his old customers endeavoring to dissuade them from dealing with the purchaser of the good will, and soliciting them to trade with the seller. (*George* v. *Burdusis,* 21 Cal.2d 153 [130 P.2d 399].)

█ The contract is not one in restraint of trade. The preliminary injunction only "enjoined and restrained [appellant] during the pendency of the action from soliciting any and all of the customers which have up to the 16th day of July, 1952, been transferred to the plaintiff herein under the written agreement. . . . " There is nothing in the contract that would bar respondent from becoming a competitor so long as he does not solicit his former customers contrary to the provisions of said agreement. To do so would amount to unfair competition. (*George* v. *Burdusis, supra.*)

We find no merit in appellant's contention that the first amended complaint does not state a cause of action for injunctive relief; neither is there any merit in appellant's contention that the action is barred by laches. █ Laches is a

question of fact, on the evidence, and must be resolved by a consideration of all the circumstances of each particular case. (*Gutknecht* v. *Paul,* 83 Cal.App.2d 356 [188 P.2d 764].) The appellant presented no evidence at the hearing of the motion for a preliminary injunction, nor is there anything in the pleading to indicate that he has been prejudiced by respondent's delay in bringing the action. ▇ Mere lapse of time, other than prescribed by the statutes, does not bar relief in and of itself.

The order granting the preliminary injunction is affirmed.

Van Dyke, P. J., and Peek, J., concurred.