346 So.2d 1239 (1977)
William J. OBI and Rosie N. Obi, Appellants,
v.
Carl C. SINGLETARY and Annie L. Singletary, His Wife, Appellees.
No. CC-433.
District Court of Appeal of Florida, First District.
June 17, 1977.
David M. Wiesenfeld and Raymond J. Sweeney, Jr., Dawson, Galant, Maddox, Sulik & Nichols, Jacksonville, for appellants.
Harry Katz, Jr., Katz & Katz, Jacksonville, for appellees.
SMITH, Judge.
Plaintiffs Obi appeal from a Duval County circuit court judgment dismissing their contract claims against appellees Singletary for failure of the Obis' second amended complaint to state a cause of action in counts three and five. Count three sought an injunction against the Singletarys' violation of their agreement not to compete with the grocery business purchased by the Obis from the Singletarys. Count five sought damages for the Singletarys' alleged failure to insure the leased grocery premises to full value.
*1240 On October 4, 1974, the Singletarys leased to the Obis the land and building identified as "Jones Road Grocery" for a renewable five year term and sold the Obis "the business, goods and inventory known as Jones Road Grocery." Subsequently, in an addendum to the sale agreement, the Singletarys agreed:
"Seller hereby covenants and agrees that he will not engage either as a proprietor, stockholder, partner or managerial employee in any other grocery business or any such business similar in nature to Jones Road Grocery within a three (3) mile radius of Jones Road Grocery located at 1023 Jones Road, Jacksonville, Duval County, Florida."
The Obis' claim to enforce the noncompetition agreement was dismissed because the second amended complaint did not in terms allege, and the contract by which the grocery was sold did not in terms recite, that goodwill was sold. The dismissal effectively invalidates the noncompetition agreement.
Section 542.12, Florida Statutes (1975) provides:
"(2) One who sells the good will of a business .. . may agree with the buyer ... to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, so long as the buyer or any person deriving title to the good will from him, and so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction." (Emphasis added.)
Although the contract documents exhibited with the pleading did not explicitly transfer the "goodwill" associated with Jones Road Grocery, we conceive they are sufficient to raise the issue and that, when evidence of the surrounding circumstances is adduced, the factfinder may properly conclude that goodwill was sold and consequently that the noncompetition agreement is enforceable. That goodwill was transferred is evidenced by the lease of the existing "Jones Road Grocery" property, by the sale of the Singletarys' "business" as well as their "goods and inventory," and by the noncompetition agreement itself, which was premised on the parties' belief that there existed and had been transferred to the new owners an intangible asset consisting of customers' satisfaction with the Singletarys' proprietorship of Jones Road Grocery. An expectation of continuing patronage is goodwill. See Vancil v. Anderson, 71 Idaho 95, 227 P.2d 74 (1951); Valley Mortuary v. Fairbanks, 119 Utah 204, 225 P.2d 739 (1950); Gable v. Carpenter, 136 Neb. 669, 287 N.W. 70 (1939); Handyspot Co. of Northern California v. Buegeleisen, 128 Cal. App.2d 191, 274 P.2d 938 (1954). In the absence of an express provision concerning the duration of the noncompetition contract, it will be considered terminable within a reasonable time depending on the circumstances. Sound City, Inc. v. Kessler, 316 So.2d 315 (Fla. 1st DCA 1975). Count three was not defective in its failure to anticipate and foreclose the affirmative defense of illegality by alleging the purchase and sale of goodwill. Fla.R.Civ.P. 1.110; Hough v. Menses, 95 So.2d 410 (Fla. 1957); Akin v. City of Miami, 65 So.2d 54 (Fla. 1953).
No error appears in the dismissal of count five, alleging the Singletarys' failure to insure the leased premises against fire to "full value." The contract did not specify the amount of fire insurance required.
AFFIRMED IN PART, REVERSED IN PART.
RAWLS, Acting C.J., and ERVIN, J., concur.