[Civ. No. 48710. First Dist., Div. One. Jan. 21, 1982.]

HARRY H. HOLT III, Plaintiff and Appellant, v.
COUNTY OF MONTEREY, Defendant and Respondent;
CARMEL VALLEY RANCH, INC., Real Party in Interest and
Respondent.

COUNSEL

Richard H. Rosenthal for Plaintiff and Appellant.

Ralph R. Kuchler, County Counsel, and Jose Rafael Ramos, Deputy County Counsel, for Defendant and Respondent.

Noland, Hamerly, Etienne & Hoss, Myron E. Etienne, Jr., and Michael D. Cling for Real Party in Interest and Respondent.

OPINION

RACANELLI, P. J.—By his complaint for mandamus and injunctive relief, plaintiff and appellant sought to compel the County of Monterey (the County) to set aside the decision of its board of supervisors approving a subdivision of the Carmel Valley Ranch. The trial court entered judgment in favor of the County based upon findings sustaining the County's affirmative defenses of lack of standing, laches, failure to exhaust administrative remedies and equitable estoppel. On appeal, appellant challenges the validity of those findings. We affirm the judgment.

*Facts*

The basic facts are undisputed: In January 1975, Carmel Valley Ranch, Inc., the developer, submitted an application for a specific plan to develop the Carmel Valley Ranch and to construct 500 condominium units thereon. An environmental impact report was prepared and duly certified, and public hearings were held relating to the application. Two years later, in January 1977, the board of supervisors formally adopted the Carmel Valley Ranch specific plan.[1]

In January 1979, the planning commission recommended approval of the tentative subdivision map and granted a use permit for 140 condominium units, the first phase of the proposed development. The use permit approval was appealed to the board of supervisors by three inter-

[1]In accordance with that plan the board of supervisors approved a use permit for a golf course and clubhouse: the planning commission approved a use permit for a tennis club. Those actions are not challenged here.

ested parties: the Carmel Area Coalition, the City of Carmel and the Carmel Valley Property Owners' Association. On March 6, 1979, the board of supervisors denied the appeal, upheld the grant of the use permit and further approved the tentative subdivision map.

On May 4, 1979, the Carmel Area Coalition[2] and the City of Carmel, filed suit challenging the validity of the Carmel Valley Ranch specific plan on the basis of the inadequacy of the Monterey County general plan. On May 21, 1979, a settlement was reached in that case wherein the County agreed to impose a moratorium on future development in the Carmel Valley. The underlying lawsuit was eventually dismissed.

On June 26, 1979, appellant filed the instant action against the County board of supervisors seeking to set aside its decisions adopting the 1977 Carmel Valley Ranch specific plan for construction of 500 condominium units, granting the 1979 use permit for construction of the first phase of 140 units, and approving the tentative subdivision map.

Appellant's theory below was based on the County's failure to establish an adequate general plan resulting in the invalidity of the proposed subdivision, which was required to conform to the general plan. (Gov. Code, § 66473.5.) After the suit had been filed, the State of California's Office of Planning and Research (OPR) granted the County an extension of time in order to revise its general plan. (See Gov. Code, § 65302.6.) The County thus contended that the authorized extension validated projects which had been previously approved.

The trial court concluded—inter alia—that the extension of time provided for revision of the general plan immunized the previously approved projects from attack on the grounds alleged. In addition, the trial court upheld the several affirmative defenses raised by the County: specifically, lack of standing, laches, failure to exhaust administrative remedies, and estoppel. This appeal ensued.

*Laches*

■ We first consider the question of laches, which we conclude is dispositive herein.

---

[2]The record reflects that appellant was then an active member of the Coalition.

As noted, the specific plan for construction of the condominium project was adopted by the County board of supervisors in January 1977. During the period between January 1977 and June 1979, when appellant initiated his lawsuit, the developers expended over $4 million in development costs in reliance on the County's earlier approval of that plan. In determining that appellant was guilty of laches, the trial court found: (1) that appellant knew of the proposed Carmel Valley Ranch project as early as 1976; (2) that the delay of over two and one-half years before instituting the present lawsuit was unreasonable; and (3) that the developers substantially and justifiably relied to their detriment on the adoption of the specific plan. The evidentiary record, the sufficiency of which is unchallenged, adequately supports those controlling findings. Accordingly, we conclude the trial court properly sustained the equitable defense of laches precluding appellant's attack on the specific plan. (See *Concerned Citizens of Palm Desert, Inc.* v. *Board of Supervisors* (1974) 38 Cal.App.3d 257, 265-266 [113 Cal.Rptr. 328]; see also *Millbrae Assn. for Residential Survival* v. *City of Millbrae* (1968) 262 Cal.App.2d 222, 235-236 [69 Cal.Rptr. 251]; *Gutknecht* v. *Paul* (1948) 83 Cal.App.2d 356 [188 P.2d 764].)

Nor does appellant's companion argument—that the doctrine is inapplicable if suit is brought within the statutory time limits (see, e.g., Gov. Code, § 65907 [challenge to use permit must be brought within 180 days]; Gov. Code, § 66499.37 [same: challenge to tentative subdivision])—warrant a different conclusion. ■ Where the unjustified delay has operated to the injury of another, as here, the defense of laches may be successfully invoked even though the lapse of time is less than the applicable period of limitations. (See *People* v. *Department of Housing & Community Dev.* (1975) 45 Cal.App.3d 185, 195 [119 Cal. Rptr. 266]; *Gutknecht* v. *Paul, supra*, 83 Cal.App.2d 356; see generally 7 Witkin, Summary of Cal. Law (8th ed. 1974) Equity, §§ 14-15, pp. 5239-5240; 30 Cal.Jur.3d, Equity § 39, p. 483.)

■ We further conclude that appellant's challenges to the subdivision use permit and approval of the tentative subdivision map are equally barred. We first observe that appellant did not seek judicial review of the factual bases for the County's quasi-judicial decisions in the form of an administrative mandamus action (See Code Civ. Proc., § 1094.5). Instead, appellant's sole contention was that the proposed subdivision was necessarily invalid because it did not conform to an adequate general plan (Gov. Code, § 66473.5). (See, e.g., *Friends of "B" Street* v. *City of Hayward* (1980) 106 Cal.App.3d 988, 997-998

[165 Cal.Rptr. 514]; see also *Save El Toro Assn.* v. *Days* (1977) 74 Cal.App.3d 64 [141 Cal.Rptr. 282].) That argument could and should have been raised at the time approval of the special plan was considered. As we have discussed, appellant is foreclosed by reason of laches from mounting an untimely attack on the specific plan. Finally, since appellant's challenges to the subsequent approval of the use permit and tentative subdivision map were similarly flawed, they were likewise properly barred.

In view of our determination upholding the County's affirmative defense of laches, it becomes unnecessary to discuss the other defenses and related issues.[3]

The judgment is affirmed.

Newsom, J., and Martin, J.,* concurred.

---

[3]Although the parties have briefed the question whether appellant's challenge to the adequacy of the general plan is premature in light of the extension of time granted by the OPR, we need not reach that issue. We note that the same issue is presently pending in an unrelated case before Division 3 of this court (*Resources Defense Fund* v. *County of Santa Cruz* (1 Civ. 47999)). Appellant's pending requests that this court take judicial notice of the amicus curiae brief in that case and to augment the record regarding other defenses, and each of them, are denied.

*Assigned by the Chairperson of the Judicial Council.