531 So.2d 243 (1988)
BEST TOWING & RECOVERY, INC., Appellant,
v.
William J. BEGGS, Sr., Don Saroka, and Bill Beggs Company, Inc., Appellees.
Nos. 87-387, 87-3534.
District Court of Appeal of Florida, Second District.
September 21, 1988.
*244 Stuart J. Freeman of Williams, Brasfield, Wertz, Fuller & Lamb, P.A., St. Petersburg, for appellant.
Thomas E. Reynolds of the Law Offices of Edward D. Foreman, P.A., St. Petersburg, for appellees.
DANAHY, Acting Chief Judge.
The appellant, Best Towing & Recovery, Inc., appeals from an order of the trial court which dismissed with prejudice several counts of its complaint sounding in libel and breach of contract. We find merit only in the appellant's arguments as to the breach of contract counts and, therefore, affirm in part and reverse in part.
The contract at issue was between City Wrecker and Storage, Inc., as seller (City Wrecker), and its president and sole shareholder, William Beggs, in his individual capacity, and the appellant, Best Towing, as buyer of certain business assets of City Wrecker. The breach of contract counts were based on the alleged violation by Beggs of a noncompetition clause in the agreement. Among the assets of City Wrecker's auto towing and storage business were many items of tangible property including tow trucks, dollies and the like. The main asset transferred to the appellant was an exclusive, three-year, renewable contract or franchise with the City of St. Petersburg for all of the city's auto towing and storage needs. Under the terms of the sale, the appellant received the right to use the name of the appellee's business, "City Wrecker and Storage," and to continue to do business on the same premises where the appellees had been conducting the business. Upon completion of the sale, City Wrecker and Beggs agreed to expeditiously dissolve the corporation with the Secretary of State.
Finding that the noncompetition clause was invalid and unenforceable by reason of section 542.33, Florida Statutes (1985), the trial court granted the appellees' motion to dismiss for failure to state a cause of action and denied the appellant leave to amend. The court also found that the instant case was distinguishable from Obi v. Singletary, 346 So.2d 1239 (Fla. 1st DCA 1977), where the court found a similar complaint to be sufficient. We find that the trial court erred in its application of the statute and in its analysis of Obi.
We turn first to the statute which states in relevant part:

*245 542.33 Contracts in restraint of trade invalid; exceptions. 
(1) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind, otherwise than is provided by subsections (2) and (3) hereof, is to that extent void.
(2)(a) One who sells the goodwill of a business, or any shareholder of a corporation selling or otherwise disposing of all of his shares in said corporation, may agree with the buyer, and one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonably limited time and area, so long as the buyer or any person deriving title to the goodwill from him, and so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction, be enforced by injunction.
The trial court's order focused on that part of the complaint and agreement which alleged neither the sale of City Wrecker's goodwill nor the sale of its corporate stock. The court was also concerned that the agreement transferred merely "some" rather than "all" assets of the selling corporation to the appellant. The trial court overlooked that Beggs, the sole shareholder of the corporation, in the words of the statute, had indeed "dispos[ed] of all of his shares in said corporation" by agreeing to immediately dissolve City Wrecker upon completion of the sale. By agreeing to the dissolution, Beggs effectively disposed of all his shares in the corporation. He thereby placed himself within the operative provision of the statute which recognized the enforceability of the noncompetition clause.
We now turn to the court's analysis of Obi. The trial court found Obi distinguishable, reasoning that Obi involved the sale of all the assets of a business, whereas in the instant case the appellant alleged only the sale of some assets of the corporation and none of its stock. Obi dealt mainly with the question whether the "goodwill" of a business was sold when the sales contract did not specifically mention "goodwill" but the entire business was transferred (i.e., "business" as well as "goods and inventory"; Obi). The court there held that under these circumstances the complaint raised a fact issue, at least, regarding the sale of the goodwill as a threshold question in applying the statute to the noncompetition clause in the parties' agreement. In the case before us, the attached list of assets to be sold by the appellees was considerable but the contract did not mention what portion of the assets remained untransferred. Without this comparison, which later proofs would provide, one cannot say that the whole business, or the material part of it, was not covered by the sales agreement. Because the corporation was to be expeditiously dissolved and the appellant would assume the name and occupy the premises of the appellees, it can be reasonably inferred that the appellant was taking over the entire business of the appellees. Under these circumstances, we cannot find any material distinction between Obi and the allegations in the case before us. Because that is so, we reverse the dismissal of the counts dealing with the breach of contract issues.
We note that in dismissing the complaint the trial court did not reach the question whether the noncompetition clause's restrictions as to time and place were reasonable. Of course, neither do we. Further, we reject without discussion Beggs' meritless argument that he is not liable under the noncompetition clause because it was the corporation, not he, which was selling the assets. We merely note that Beggs was a signatory to the contract in his individual capacity as well as in his corporate capacity.
Finally, with respect to the dismissal of the libel counts against Saroka, Beggs and the Bill Beggs Company, we do agree with the trial court that the remarks in question are, as a matter of law, not defamatory and/or are subject to a qualified privilege because the statements were directed to a government agency concerning a public issue. Nodar v. Galbreath, *246 462 So.2d 803 (Fla. 1984); see also Nowik v. Mazda Motors of America (East) Inc., 523 So.2d 769 (Fla. 1st DCA 1988) (when facts and circumstances conceded, question of privilege is a matter of law). Given the undisputed content of the allegedly defamatory statements, we agree that the appellant cannot state a cause of action for libel or slander.
That part of the trial court's final order dismissing the contract counts is reversed; the dismissal of the libel counts is affirmed; and the cause is remanded for further proceedings consistent with this opinion.
LEHAN and FRANK, JJ., concur.