[L. A. No. 1958.   In Bank.—January 2, 1908.]

## O. W. ORCUTT et al., Appellants, v. PASADENA LAND AND WATER COMPANY et al., Respondents.

WATER-RIGHT APPURTENANT TO LAND—INJUNCTION AGAINST TRANSFER OF WATER SUPPLY TO MUNICIPALITY.—A resident and land owner in a municipality which is supplied by water by a corporation, the right to receive which is appurtenant to his land, cannot enjoin the transfer by such corporation of all its property and franchises to another municipality. Such transferee would acquire the water system as a corporation engaged in supplying a public use, and the right to mandamus, if it should refuse to furnish water to those entitled thereto, would be as clear in such a case as if the water right was not a private right or an appurtenance to real estate, but was a right to share in a public service of water.

ID.—PLEADING—ALLEGATION OF INTENT TO CUT OFF SUPPLY.—In a complaint for such an injunction, general allegations that the transferee threatens and intends to divert the whole water supply to the use of its own inhabitants, if it should require the same, and will, in that event, deprive the plaintiff of any share thereof, are insufficient to warrant the granting of the injunction. It is not to be presumed that this will be done, in the face of a decision of this court declaring that it would be unlawful. Anything short of a reasonable probability of injury is insufficient to warrant the issuance of an injunction against the act which it is claimed will cause such injury.

ID.—PURCHASE PRICE OF TRANSFER—ILLEGALITY OF MUNICIPAL BONDS.—A person not a taxpayer or a resident of the municipality proposing to purchase the water system, cannot object to such purchase on the ground that the bonds of the municipality to be issued in payment thereof are invalid. If the corporation making the sale is satisfied therewith, other persons cannot revise its decision, in the absence of any showing that they are interested as stockholders and will suffer injury.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Lynn, Helm, and John E. Carson, for Appellants.

Anderson & Anderson, Porter, Sutton & Cruickshank, John C. Fitz Gerald, Fitz Gerald & Barry, J. P. Wood, City Attorney, and Works, Lee & Works, for Respondents.

SHAW, J.—The transaction attacked in this case is the same that was considered in *South Pasadena* v. *Pasadena Land and Water Co., ante,* p. 579, [93 Pac. 490]. We refer to that case for a more detailed statement of the facts, which, with the exceptions to be mentioned, are substantially the same as the facts involved here. A general demurrer to the amended complaint was sustained, without leave to amend further, and from the judgment thereon given the plaintiffs appeal.

The plaintiffs are residents of the portion of South Pasadena supplied with water by the defendant company, and owners of land therein, and it is alleged that a certain share of said water is appurtenant to the respective tracts of land, for irrigation and domestic use thereon. They sue on behalf of themselves and of others having similar rights.

The fact that the right to receive the water is appurtenant to the land and is a private right of property, and not a mere right as one of a class entitled to share in a public use, does not in any way materially distinguish the case from *South Pasadena* v. *Pasadena Land and Water Company.* If the city of Pasadena should acquire the water system of the defendant water company, it would do so as a corporation engaged in supplying a public use, and the right to *mandamus,* if it should refuse to furnish water to those who were entitled thereto, would be as clear in such a case as if the water right was not a private right or an appurtenance to real estate, but was a right to share in a public service of water, such as that considered in the former case. There would, therefore, be an adequate remedy at law and the right to an injunction was properly denied. Furthermore, it does not clearly appear that the rights of the plaintiffs are in any immediate danger of injury. There are general allegations that the city of Pasadena threatens and intends to divert the whole water supply to the use of its own inhabitants, if it should require the same, and will, in that event, deprive the plaintiffs of any share thereof. But the context shows that these are

obviously mere conclusions, based on the theory that that city
has no power to continue serving persons outside of its limits.
and that it would have the right to change the use to which
the water had been appropriated, without the consent of the
persons beneficially interested. It is not claimed that the city
is about to do this, but that it will do so in the future, if the
necessities of its own inhabitants demand it. It is not to be
presumed that this will be done, in the face of a decision of
this court declaring that it would be unlawful. Anything
short of a reasonable probability of injury is insufficient to
warrant the issuance of an injunction against the act which
it is claimed will cause such injury. (*Lorenz* v. *Waldron*, 96
Cal. 249, [31 Pac. 54].) The appellants do not argue this
point, and have apparently abandoned it. We think it is
without merit.

The complaint alleges that the city of Pasadena has de-
clared that the cost of the water system it proposes to buy is
too great to be paid out of the ordinary revenues of the city,
and that, in pursuance of proceedings in that behalf, its
citizens have voted bonds whereon to raise sufficient money
to pay the price agreed to be paid therefor. It is further
claimed that the proceedings to issue bonds are defective to
such an extent that the bonds are void, and from this it is.
argued that the city has no power to buy the property. The
particular objection alleged is that the voters were asked to
vote for the issuance of these bonds to buy the water system,
but that they were not informed by resolution, notice, or
otherwise, that the system was burdened with the duty of
supplying water to plaintiffs and to a large part of the city
of South Pasadena and was to be acquired subject to that bur-
den. It is not necessary to pass on the merits of this objection
to the validity of the bonds. The provisions of law and of the
city charter giving the city of Pasadena power to take this
property and continue the outside service are set forth and
fully considered in the opinion above mentioned. These pro-
visions do not require that the purchase, when made by the
city of Pasadena, shall be approved by the voters of the city.
It is immaterial, so far as the purchase is concerned, whether
the voters knew of the encumbrance on the property or not.
Collateral inquiry, on behalf of persons not taxpayers or
residents of the city of Pasadena, into the validity of the pur-

chase, cannot be made on that ground, nor on the ground that the bonds are invalid and that consequently the city cannot buy the property. The plaintiffs have no interest in these questions. If the Pasadena Land and Water Company is satisfied on the score of price and of the ability of the city to pay, other persons cannot revise its decision, in the absence of any showing that they are interested as stockholders and will suffer injury. The validity or invalidity of the bonds is immaterial. Purchasers thereof may be found, and if they take them it is sufficient. If none are sold, the proposed transfer to the city may fail, in which case plaintiffs should be satisfied with the result. The other points urged in this case are considered and disposed of in the opinion in *South Pasadena* v. *Pasadena Land and Water Co., ante,* p. 579, [93 Pac. 490].

The judgment is affirmed.

Angellotti, J., McFarland, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.