[Civ. No. 3863. First Appellate District, Division One.—July 1, 1921.]

## GEORGE A. CLOUGH, Appellant, v. W. H. HEALY COMPANY (a Corporation), Respondent.

[1] MANDATORY INJUNCTION—REMOVAL OF OBSTRUCTION—RESTORATION OF EASEMENT—EQUITY.—A mandatory injunction to remove an obstruction and restore an easement to its original condition will be denied when the obstruction does not constitute a material interference with the right of the owner of the easement or where the damage sustained by him is merely nominal.

[2] ID.—EVIDENCE—RELIEF PROPERLY DENIED.—A mandatory injunction to compel the removal of an obstruction and restoration of an easement of light, air, and right of way to its original condition is properly refused where the plaintiff is enjoying a substituted easement not shown to be less convenient and such removal and restoration would result in no substantial benefit to him, but would impose upon defendant an unreasonably burdensome task.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Tobin & Tobin and George Clough for Appellant.

Edwin T. Cooper and H. K. Eells for Respondent.

KERRIGAN, J.—This is an action to quiet title and for a mandatory injunction restraining interference with an easement. Judgment went for the defendant, from which plain‑ tiff prosecutes this appeal.

F. Dudley Tait owned a parcel of land at the southeast corner of Hyde and Francisco Streets, in San Francisco, having a frontage on each of the streets named of ninety‑ seven and one-half feet. On the seventh day of May, 1914, Tait sold to the plaintiff the easterly thirty-five feet on Francisco Street, and granted to him in the same deed as an appurtenance to the lot sold an easement of light, air, and right of way three feet wide across the sixty-two and one-half feet of the lot retained by Tait at the extreme rear thereof. The entire lot at that time was unimproved and in its natural condition, and the easterly end of the three-foot strip where it connected with the parcel conveyed to Clough was approximately six or seven feet higher in elevation than the sidewalk on Hyde Street. In the month of December, 1914, and during Clough's absence from San Francisco, and without his knowledge or consent Tait, in connection with the construction of a residence upon the portion of the lot retained by him, excavated it in its entirety, including the three-foot strip, and paved with concrete all of his lot up to said strip, so that the backyard of Tait was several feet lower than the adjacent land in the rear, and Tait accord‑ ingly constructed a concrete retaining wall on the rear four‑ teen inches of the three-foot strip, and at the same time con‑ structed at the extreme western end of said strip a concrete retaining wall, leaving therein, however, an arched gateway about three feet wide, and did also construct and erect across said gateway upon said strip an iron gate. Imme‑ diately upon discovering the changes thus made, and in January, 1915, Clough demanded that Tait remove the ob‑ structions from the three-foot strip and restore it to its original condition. Thereafter in September, 1915, Clough and Tait entered into a written agreement, which was re‑ corded and which, after reciting the facts as above stated, provided that Tait was to be permitted to maintain said obstruction upon condition that Tait should not permit cer‑ tain trees and shrubbery which he had planted upon said strip to grow to such height as to interfere with Clough's

easement of light and air, that he also would allow Clough a free, continuous, and unobstructed passageway over the rear portion of said backyard, and that he would not maintain in said yard any nuisance. Upon the breach, however, of any of the foregoing covenants ''or upon demand'' said agreement provided that Tait should restore said strip to its original condition and elevation. The new right of way was to be approximately three feet wide and was situated immediately adjoining and alongside said strip; in other words, Clough's right of way was shifted three feet north. There was also a provision in said agreement that the occupation by Tait of said original three-foot strip by the erection thereon of said retaining wall and the planting of said trees and shrubbery should under no circumstances be construed as adverse to the original rights of Clough, but in the event of Clough being restored to his former right of way, his right to the substituted way should terminate.

In June, 1917, defendant W. H. Healy Company, with actual and constructive notice of plaintiff's rights in the original three-foot strip, purchased the Tait lot, and thereafter and before the commencement of this action plaintiff demanded of the defendant the restoration of said strip of land to its original condition, which being refused he commenced this action to quiet title to said easement, and to compel the defendant to remove the obstruction and restore the easement to its condition at the time of the grant thereof to plaintiff.

In addition to the facts above stated defendant testified that to remove the fourteen-inch wall at the south of his lot and to fill in the three-foot strip with soil in order to restore the easement to its original condition would cost fifteen hundred dollars.

The trial court made findings, among others, to the effect that the plaintiff had not suffered, and would not suffer, great or irreparable or any injury from the obstruction of the right of way originally granted; that the defendant has not violated in any manner the contract with plaintiff as to the use of the substituted right of way; that to restore the original right of way to its condition at the time of the conveyance to plaintiff ''would be very costly and would be a material and positive damage and detriment to both the lands of plaintiff and defendant,'' and that it would furnish

to plaintiff no better or more convenient right of way than the one now enjoyed by him, and "would be useless and unjust and inequitable and unreasonable and highly burdensome to this defendant and without any benefit or value, profit or convenience to plaintiff whatsoever."

[1] A court of equity will in a proper case award a mandatory injunction for the protection and preservation of an easement; will enjoin a threatened interference, and require a defendant to repair an injury already done or to remove an obstruction already erected. Mandatory injunctions have been awarded directing that a closed or obstructed way be cleared and opened for the owner; but it is not in every case of a permanent obstruction that such relief will be granted. Each case is determined according to the particular circumstances; and it rests in the sound discretion of the court whether or not a mandatory injunction will issue. To entitle the complainant to equitable relief the right must be clear, and an injunction of the character here in question will be denied when the obstruction does not constitute a material interference with the right of the owner of the easement, or where the damage sustained by him is merely nominal. The court will consider the expense which would be occasioned to the defendant if the writ be granted, as against the inconvenience to be suffered by the complainant if it be refused; and where the removal of the obstruction would bring no actual advantage, or the expense entailed thereby would be entirely disproportionate to the benefit resulting, the complainant will be relegated to his legal remedy for the vindication of his right. (19 Corpus Juris, 996, sec. 258.)

[2] In the case at bar there was no willful or deliberate invasion of the plaintiff's right of way, nor was there any breach of the agreement respecting it after its change of location. The plaintiff has suffered no damage, and it is not even claimed that the substituted right of way is less convenient, or that the right and privilege in the one is superior in any way to the other. Moreover, it appears, and the court in effect found, that the relief sought would result in no substantial benefit to the plaintiff if granted, but that it would impose an unreasonably burdensome task on the defendant if he were compelled to accede to the demand of the plaintiff.

In the case of *Bochterle* v. *Saunders*, 36 R. I. 39, [88 Atl. 803], it was held that where the owner of a house admitted its encroachment for thirteen inches upon a right of way thirty-three feet wide and agreed to remove the encroachment, which would require an expenditure of three hundred dollars to remove the house back or of one hundred dollars to cut off the projecting part, which would reduce the dining-room to a size rendering it useless or exceedingly inconvenient for its intended purpose, and which would bring complainant no practical advantage, a court of equity, in view of the disproportion between the outlay and the benefit to the complainant, would refuse to compel performance of the agreement but would leave the complainant to his remedy at law.

The circumstances of the present case were not such, in the opinion of the trial judge, to warrant the granting of the remedy invoked, and we cannot say that he abused a sound legal discretion in arriving at his conclusion.

Judgment affirmed.

Richards, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 29, 1921, and the following opinion then rendered thereon:

THE COURT.—The application for a hearing in this court after decision by the district court of appeal of the first appellate district, division one, is denied.

We do not construe the judgment in this case as foreclosing plaintiff's rights as to the original strip in the event of any breach of the supplemental agreement, and are of opinion that under the terms of such agreement, in connection with said judgment, such rights are fully preserved.

All the Justices concurred, except Lawlor, J., who dissented from the order denying hearing.