[Civ. No. 4114. Third Appellate District.—June 11, 1930.]

TALLIE T. STURGEON et al., Appellants, v. CITY OF HAWTHORNE (a Municipal Corporation) et al., Respondents.

Fred W. Heatherly for Appellant.

Louis Greenbaum, City Attorney, and A. L. Stein, Deputy City Attorney, for Respondents.

PULLEN, J., pro tem.—Appellants herein as plaintiffs filed an amended complaint against the municipality and the members of its common council and the city clerk to restrain them from issuing certain bonds in payment for certain described improvements. Respondents interposed a demurrer to the amended complaint, which was sustained,

and the court also denied without prejudice appellants' application for an injunction *pendente lite*. Appellants having failed to amend, a judgment of dismissal was entered. Thereupon, appellants gave notice of appeal "from the order of the above-named superior court sustaining the demurrer of the defendants to the amended complaint and denying the restraining order prayed for in said amended complaint."

The judgment must be affirmed. An order sustaining a demurrer is interlocutory and is not subject to appeal. (Sec. 963, Code Civ. Proc.) We do not believe it requires the citation of many authorities, but the case of *Cornic* v. *Stewart*, 179 Cal. 242 [176 Pac. 164], shows the attitude of the courts thereon:

"In this case no respondent's brief has been filed, but a cursory examination of the record discloses that the only appeal before us is an attempted appeal from two orders of the trial court sustaining a demurrer to the plaintiff's first amended complaint and denying the plaintiff's application for leave to file a second amended complaint. Neither of these orders are appealable orders and there is no appeal from the judgment. It follows that the appeals must be dismissed, and it is so ordered."

Also the court in the case of *Meley* v. *Boulon*, 104 Cal. 262 [37 Pac. 931], in discussing an attempted appeal from an order denying plaintiff's motion for a new trial said:

"The notice of appeal herein is addressed to the attorneys for respondents, and is in the following words: 'You will please take notice that the plaintiff substituted in the above-entitled action hereby appeals to the Supreme Court of the state of California from the order denying plaintiff's motion for a new trial, and from an order of said court denying plaintiff's motion to set aside the decision and judgment in the action, which said judgment was therein entered in the said superior court on the sixteenth day of December, 1891, in favor of the defendants in said action and against plaintiffs, and from the whole thereof.'

"The appeal from the orders named in this notice was dismissed by this court February 6, 1893, and the appellant now claims that the notice above set out is sufficient as a notice of appeal from the judgment therein described, and he insists upon his right to be heard upon such appeal.

This contention cannot be sustained. The notice of appeal is certainly very awkwardly constructed, but is not ambiguous, and it cannot possibly be construed as an appeal from the judgment therein mentioned. It says nothing about an appeal from the judgment, but gives notice only that the plaintiff 'appeals to the Supreme Court . . . from the order denying plaintiff's motion for a new trial, and from an order of said court denying plaintiff's motion to set aside the decision and judgment in the action,' followed by a description of the judgment to which the said motion of plaintiff related; and the notice then concludes with the words 'and from the whole thereof.' These latter words refer to the orders previously mentioned, and indicate that the appeal is from the whole, and not a part, of said orders.

"While notices of appeal should be liberally construed, and no appeal should be dismissed because of any misdescription of the judgment or order to which it relates, unless it appears that the respondent has been misled by such misdescription, still this rule is not liberal enough to justify us in holding that the above notice of appeal is or was intended as an appeal from a judgment. In order to constitute such a notice the paper relied on for that purpose should at least state that the appeal is taken from a judgment, or use other language which can be so construed, and this, considering the fact that it is not difficult to find words to properly express such an intention, is not a harsh rule.

"It follows from these views that the cause is not properly on our calendar, the only appeal in the case having already been disposed of, and for this reason the submission thereof is set aside, and the cause stricken from the calendar."

█ With reference to the appeal from the order denying the restraining order, that order also must be affirmed, for the granting, denying, dissolving or refusing to dissolve a preliminary or temporary restraining order is not a matter of right, but rests in the sound discretion of the trial court and there is no showing here of any abuse of discretion. █ Lest appellants feel aggrieved that the mere form of a notice deprive them of a hearing, we have examined the amended complaint and find the demurrer thereto was properly sustained. It is nowhere alleged in the amended complaint that the appellants, the protestants

to the proposed improvement, ever made any objection to the city council as provided by the various improvement acts under which the contemplated improvements were to be made.

For the foregoing reasons the judgment is affirmed.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.