[Civ. No. 5771. Third Appellate District.—April 2, 1937.]

C. R. VESPER, Appellant, v. FOREST LAWN CEMETERY ASSOCIATION (a Corporation) et al., Respondents.

W. I. Gilbert, W. L. Pollard and S. L. Kurland for Appellant.

Heller, Ehrman, White & McAuliffe, Martin Minney, Jr., C. F. Cable, Michael F. Shannon and Thomas A. Wood as *Amici Curiae* on Behalf of Appellant.

Call & Murphey, Robert B. Murphey, Glen Whitney and Harold Morrison for Respondents.

Hanna & Morton, Byron C. Hanna, Raymond Brennan, Sullivan, Roche & Johnson and Ed. P. Sample, as *Amici Curiae* on Behalf of Respondents.

PULLEN, P. J.—Plaintiff and appellant, C. R. Vesper, as the owner of certain interment space in a lot in Forest Lawn

now known as Forest Lawn Memorial-Park, a private ceme-
tery, is seeking by injunction to prevent respondent, and par-
ticularly Forest Lawn Memorial-Park Association, Inc., from
engaging in the undertaking business for profit in a building
situated in Forest Lawn Memorial-Park near Glendale.

To the complaint, a demurrer on behalf of all defendants
was interposed and sustained without leave to amend. A mo-
tion by plaintiff to reconsider was then filed, and for permis-
sion to file an amended complaint. This motion was denied,
and a judgment of dismissal was entered, from which judg-
ment this appeal is taken.

This court has been assisted by able briefs presented by
respective counsel and by friends of the court, both supporting
and attacking the judgment appealed from. We appreciate
the importance of a ruling as to whether it is legal to operate
a mortuary upon lands which had been dedicated to cemetery
purposes under the provision of the General Cemetery Act of
California (Stats. 1931, chap. 1148, Deering's Gen. Laws, Act
1288), but as we view the pleadings before us that question
cannot be here considered as we deem it beyond the function
of the court to take up issues which lie outside of the imme-
diate scope of the action presented for solution.

We are of the opinion that the judgment of the trial
court in sustaining the demurrer to the complaint was correct
for the reason that this is an action for injunctive relief, and
plaintiff has failed to allege, and from the nature of the facts,
cannot allege, that he has sustained an injury.

From the complaint it appears that appellant does not own
and has no interest in any of the real property upon which
the alleged unauthorized business is being conducted. It
also appears that appellant owns no stock of and has no in-
terest in Forest Lawn Memorial-Park Association, Inc., or any
of the other defendant corporations. It does not appear that
Forest Lawn Memorial-Park Association, Inc., has committed
any trespass on or desecration of the plot owned by appellant.
It does not appear either in the original complaint or in the
proposed amended complaint that the mortuary can be seen
from his lots or that the operation of the mortuary has
depreciated the value of his lots, or that upon resale he would
suffer loss. Clearly one who has suffered no injury nor dam-
age, nor whose rights have been in anywise invaded, nor who
has suffered any interference in his easement, nor who has

alleged nor is able to establish that the maintenance of a mortuary impairs the beauty and value of his lot, nor the convenience of ingress to or egress from it, has ground to complain of another, or to enjoin another's acts.

In paragraph 1 of the complaint it is alleged that C. R. Vesper is a resident of the county of Los Angeles. Paragraph 2 alleges the corporate capacity of the various defendants. As to the principal defendant, Forest Lawn Memorial-Park Association, Inc., it is alleged that it was organized under the laws of the state of California as a non-profit organization with no capital stock. In paragraph 3 is an allegation that Forest Lawn Cemetery Association holds title to the cemetery lots, which includes the lot of plaintiff, in which interment rights have been conveyed to the purchasers, subject only to certain rights of such purchasers. Paragraph 4 alleges that in 1918 the American Security & Fidelity Company executed and delivered to plaintiff a deed to a certain cemetery lot which was made with the consent of Forest Lawn Cemetery Association. In paragraph 5 it is alleged that in March, 1932, defendants Forest Lawn Company and Forest Lawn Memorial-Park Association, Inc., filed for record a map of Forest Lawn Memorial-Park together with a certificate of dedication whereby it dedicated said lands to private cemetery purposes. That in December, 1932, Forest Lawn Company entered into an agreement with Forest Lawn Memorial-Park Association, Inc., wherein lessor agreed to build a three-story building to be used exclusively as a funeral directors' establishment by lessee. It is further alleged that Forest Lawn Memorial-Park Association, Inc., had obtained from the state board of embalmers and funeral directors, a license to operate a funeral directing business, and has begun such business of a funeral director in such building, which is situated within the outer boundaries of Forest Lawn Memoral-Park, and will continue so to do until restrained by order of court. Paragraph 6 alleges that plaintiff has requested defendants and each of them to refrain from constructing or operating such undertaking or embalming establishment within the boundaries of Forest Lawn Cemetery, but defendants have refused, and plaintiff now seeks an order enjoining defendants from operating and conducting an undertaking business within Forest Lawn Memorial-Park.

From these allegations it will be seen that plaintiff has failed to state facts justifying the relief sought. In High on

Injunctions, section 790, the rule is thus expressed: "Nor will an injunction be continued against the erection of a structure where the facts do not satisfactorily show a probable or irreparable injury to the complainant." This rule is adopted in *Orcutt* v. *Pasadena Land etc. Co.*, 152 Cal. 599 [93 Pac. 497]; *Galbreath* v. *Hopkins*, 159 Cal. 297 [113 Pac. 174]. In *Lorenz* v. *Waldron*, 96 Cal. 243 [31 Pac. 54], the court said: "A mere possibility or anything short of a reasonable probability of injury is insufficient to warrant an injunction against any proposed use of property by its owner." (Citing numerous cases.)

In *Clough* v. *Healy Co.*, 53 Cal. App. 397 [200 Pac. 378], an injunction was refused, the court there saying: "The right must be clear, and an injunction of the character here in question will be denied where the obstruction does not constitute a material interference with the right of the owner of the easement, or where the damage sustained by him is merely nominal." ■ Moreover, the issuance of an injunction is not a matter of right, but reposes in the discretion of the court. *Sturgeon* v. *City of Hawthorne*, 106 Cal. App. 352 [289 Pac. 229]; *Willis* v. *Lauridson*, 161 Cal. 106 [118 Pac. 530], and, in the exercise of its discretion, a court will be guided by the general rule of convenience, that is, will consider whether a greater injury will result to the respondent from granting it than would be caused to the appellant in refusing. (*Santa Cruz Fair Bldg. Assn.* v. *Grant*, 104 Cal. 306 [37 Pac. 1034]; *Williams* v. *Los Angeles R. Co.*, 150 Cal. 592, 596 [89 Pac. 330].) The application of this rule will be found also applied in the case of *Hess* v. *Country Club Park*, 213 Cal. 613, 614 [2 Pac. (2d) 782].

■ Appellant conceded that his complaint does not contain an allegation to the effect he has suffered measurable pecuniary damages, but contends that he has a vested right in the cemetery and to the uses to which it may be put, which right has been invaded, and by reason of that fact alone he is entitled to injunctive relief.

In support of such rule he first cites *Walker* v. *Haslett*, 44 Cal. App. 394 [186 Pac. 622]. This was an action to enjoin the violation of a restriction in a deed to defendant, wherein defendant violated the agreement by erecting a double or two-family house. It is true that in such cases injury to the plaintiff need not be shown, but the reason for this special exception

is thus given in *Walker* v. *Haslett, supra,* which reasons make it inapplicable to the instant case.

"When clearly expressed, covenants of this description will be clearly enforced, and a court of equity will decree an injunction, and this without any showing of actual damage or substantial injury. The reason why no actual damage or substantial injury need be shown is that the owner of the land, when selling it to another, may insist on just such covenants as he pleases touching its use or mode of enjoyment. He has the right to define the injury for himself, and also for his grantees of the remaining lots in his tract, where he is subdividing a whole tract into lots and selling them pursuant to a general plan of improvement or development, and the purchaser of any lot contracting with him must abide by his definition of what shall be deemed to be an injury to the balance of the land. He, or any subsequent owner of any part of the remaining land for the benefit of which the restrictive covenant is made, may enforce the covenant when it is broken, and is not to be defeated by the opinion of any number of persons that the breach occasions no substantial injury. . . . " (Citing cases.)

Appellant cites *Hornblower* v. *Masonic Cemetery Assn.,* 191 Cal. 83 [214 Pac. 978]. That case, while stating that the courts differ as to how they shall define the interest conveyed in a cemetery lot, holds that a majority of the courts agree that the conveyance does not pass any title but merely an interest, and that the fee remains in the grantor, subject to the right of the grantee to the exclusive use thereof for burial purposes and finally held " . . . appellant had a right cognizable in equity to the continued and undisturbed use of his cemetery lot . . . ". There the association threatened to abandon the entire cemetery and remove all bodies therefrom, manifestly constituting a direct injury to plaintiff. Here plaintiff does not contend that he has been disturbed in the use of his lot.

In *Polhemus* v. *Daley,* (Mo. App.) 296 S. W. 442, defendant was entering the cemetery, dedicated to a public use, with a horse and dragging a sled over the graves, and removing sod for the purposes of sale, thereby causing the identity of the graves to be obliterated. Such act constituted a desecration of all the graves, and defendant was therefore enjoined. In *Cochran* v. *Hill,* (Tex. Civ. App.) 255 S. W. 768, defendants

were enjoined from pasturing livestock in the cemetery and from drilling oil wells therein and from interfering with complainant's access to the land.

In *Certia* v. *University of Notre Dame,* Du Lac, 82 Ind. App. 542 [141 N. E. 318], plaintiff sought to enjoin burials in the walks and paths in a distant part of the cemetery, and to cause the removal of the bodies already buried there. The court there held:

" . . . each (lot owner or plaintiff) had the right to protect from invasion the particular lot owned by him, as well as the right of ingress and egress thereto. But, while it may be conceded that any one of the owners of such cemetery lots had a right to protect his property from invasion, and to maintain his right of access thereto, it does not follow that he may assert such right with reference to some other lot in which he has no property interest in another section of the cemetery and remote from his own.

"It stands to reason under the averments of the complaint that appellant only has interest in the walk, path or driveway giving ingress and egress to his own lot."

Here, also, the court had the right to consider the laches of plaintiff, which would be a circumstance to be considered in passing upon the injunction. From the complaint it appears that in 1932 a lease was entered into whereby lessor agreed to build a structure to be used exclusively as a funeral directing establishment, which building was completed in May, 1933. This complaint was not filed until almost two years after the lease and more than a year after the business of a funeral director was instituted. In *Los Angeles Athletic Club* v. *City of Long Beach,* 128 Cal. App. 427 [17 Pac. (2d) 1061], plaintiff sued for an injunction. The evidence there showed that the plaintiff had waited nearly six months before seeking relief, but during that time defendant had expended considerable sums in constructing the alleged illegal breakwater. The court there held that because of such a delay of six months, plaintiff was guilty of laches, and so was not entitled to an injunction. Here appellant stood by while respondents constructed and occupied a large building to carry on the business of a funeral director, and for a considerable period made no complaint while said business was being operated. He cannot, after having passively permitted the defendants to spend money and effort, now enjoin defendants

from carrying on said business. This rule finds support in the cases of *Gurnsey* v. *Northern California Power Co.*, 160 Cal. 699 [117 Pac. 906, 36 L. R. A. (N. S.) 185]; *County of Los Angeles* v. *Rindge Co.*, 69 Cal. App. 72 [230 Pac. 468]; *Miller & Lux Inc.* v. *Enterprise Canal & Land Co.*, 169 Cal. 415 [147 Pac. 567].

Appellant denies that his complaint is barred by laches because the relief sought does not contemplate the destruction of the building but merely seeks to prevent an unauthorized use thereof. We can almost take judicial notice of the fact, however, that a three-story building erected and specially designed as a funeral directing establishment situated where this structure is, could find only a very limited use for any purpose other than for which it was erected, and to deprive respondents of the particular use for which it was constructed is akin to its physical destruction. It is true as argued by appellant that to establish laches, something more than mere delay must be shown, but here we do find more; we find respondents expending large sums of money in equipping the building and the carrying on of long and expensive litigation concerning the mortuary.

In *Williams* v. *Blue Bird Laundry Co.*, 85 Cal. App. 388 [259 Pac. 484], the action was to enjoin a public nuisance. In such a case lapse of time will not justify a special injury by a continuing nuisance; also it did not appear that the laundry had expended any money in its proposed development.

In the instant case the operation of a mortuary is not a public nuisance (*Dean* v. *Powell Undertaking Co.*, 55 Cal. App. 545 [203 Pac. 1015]), and as already pointed out, large sums have been expended thereon.

In *St. Peters E. L. Church* v. *Kleinfelter*, 96 Pa. Sup. Ct. 146, cited by appellant, the action was to restrain defendants from going upon a burial ground which was completely filled with graves and removing fences and tombstones, building a blacksmith shop over some of the graves and using part of the cemetery to corral horses and cattle. The action was "to restrain the use of the property in any manner whatsoever except as a burial ground, and to require the removal of all buildings or other structures inconsistent therewith", and holding it would be inequitable to apply the doctrine of laches in an action to restrain the desecration of a burial ground.

Appellant further contends that if this complaint is barred by laches he should be given the right to amend by showing that a test case was pending. However, an amended complaint has already been submitted which fails to allege any such defense, and furthermore even if such were the case, it would not toll the statute of limitations or excuse his delay. We believe both the complaint and the proposed amended complaint show that the trial court would have been justified in finding the action barred by laches.

Turning to the proposed amended complaint, set up in four separate causes of action, we find that in paragraph 3 of the first cause of action the inter-relation of the various respondent corporations is set out in greater detail than in the original complaint.

The second count of the proposed amended complaint sets up a cause of action arising from an allegation of a violation of a common law dedication of property for a cemetery. In paragraph 9 of that count plaintiff alleges that he was defrauded in the buying of a burial lot by reason of certain advertisements or representations of defendants that the entire Forest Lawn Memorial-Park was to be devoted to cemetery purposes. There is, however, no allegation of damage to plaintiff, and the reasons given in support of the demurrer to the original complaint are applicable here to show that the second count of the proposed amended complaint fails to state a cause of action.

The third count of the proposed amended complaint attempts to set forth a cause of action of estoppel and alleges that the plaintiff was induced to purchase his lot by reason of false representations. Paragraph 2 of the third count alleges that plaintiff acquired his lot in 1918 from the American Security & Fidelity Company, but this corporation is not made a party to the action, and apparently plaintiff is attempting in this proposed amended complaint to sue corporations which were not incorporated until several years after the purchase of the property by plaintiff.

The fourth count of the proposed amended complaint attempts to set up a cause of action based upon the alleged violation of the constitutional rights of plaintiff. In this cause of action it is alleged that the legislature, in 1931, enacted the General Cemetery Act of the state of California, and that said act, if interpreted to mean that under its terms

168

an undertaking and funeral directing establishment may be conducted on premises dedicated for cemetery purposes, then said act of the legislature would be in violation of the rights of plaintiff and deprives plaintiff of substantial property rights in violation of the Fourteenth Amendment of the United States Constitution, and in violation also of section 13 of article I of the Constitution of the state of California. The answer to this attempted cause of action is that plaintiff is attempting to anticipate a future condition, but in order to state a cause of action the same must exist at the time the complaint is filed, and not when something in the future might come to pass.

Under the facts here existing "due process of law" is available to the plaintiff by *quo warranto*. Appellant therefore, being able to obtain from the courts a fair hearing and an impartial determination of his rights, cannot here contend that he has suffered a denial of "due process of law". It has been repeatedly determined that if there be an opportunity to be heard some time during the proceedings, the constitutional guarantee of due process is not denied. Furthermore appellant cannot claim that he is denied "the equal protection of the law" for the General Cemetery Act is a statute which applies to each member of a general class of plot owners in cemeteries in California. Appellant is in no different position than any other plot owner, and as long as the statute applies impartially to every member of the general class, no member of that class can charge that it deprives him of equal protection of the laws so long as the conduct of the legislature in creating a general class is reasonable. (*Tinsley* v. *Anderson,* 171 U. S. 101, 106 [18 Sup. Ct. 805, 43 L. Ed. 91] ; *Field* v. *Barber Asphalt Paving Co.,* 194 U. S. 618, 621 [24 Sup. Ct. 784, 31 L. Ed. 1142].)

Plaintiff himself states that his proposed amended complaint, in addition to containing a more elaborate statement of his original cause of action, predicated upon a statutory dedication of the cemetery lands to cemetery purposes exclusively, contains three additional counts centering around the alleged unlawful erection of a mortuary upon the dedicated area, and contains no new matter except to detail the corporate history and set-up of the three defendants and alleging certain representations made in connection with the sale of the lot in question and in the operation and mainte-

nance of the cemetery in general. Nowhere, however, does plaintiff claim to have set forth any damage to himself, present or prospective, by reason of the erection or operation of a mortuary or undertaking establishment within the exterior boundaries of Forest Lawn.

The privilege of amending a complaint after demurrer is sustained rests in the sound discretion of the trial court. (*Whyte* v. *City of Sacramento*, 65 Cal. App. 534 [224 Pac. 1008] ; *Buckley* v. *Howe*, 86 Cal. 596 [25 Pac. 132] ; *Hansen* v. *Carr*, 73 Cal. App. 511 [238 Pac. 1048].)

In *Fetterley* v. *Gibson*, 210 Cal. 282 [291 Pac. 411], the court said : ''The allowance or refusal of amendments is a matter so largely within the sound discretion of the trial court that its exercise will not be disturbed in the absence of a showing of gross abuse.''

 Another contention made by appellant is that Forest Lawn Company, the owner of the land occupied by the cemetery, was without power to lease a portion of its dedicated lands to Forest Lawn Memorial-Park Association, Inc., for the operation of a mortuary. But that is a question beyond the right of appellant to raise, for questions concerning the exercise of corporate powers cannot be raised collaterally by a third person, but by the state in *quo warranto* proceedings. (*McCann* v. *Children's Home Society*, 176 Cal. 359 [168 Pac. 355] ; *People* v. *California Protective Corp.*, 76 Cal. App. 354 [244 Pac. 1089] ; Ballantine, Manual of Corporation Law and Practice (1930), sections 86, 86a and 86b.

We do not believe the meaning or effect of the General Cemetery Act is properly before us and we refrain from considering its provisions. We do, however, find the complaint fails to state a cause of action for injunctive relief and that the trial court did not err in refusing to allow plaintiff to file its proposed amended complaint, and the judgment is therefore affirmed.

Thompson, J., and Plummer, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1937.