[Civ. No. 20160.   First Dist., Div. Three.   Apr. 9, 1962.]

CHARLES R. CREWS et al., Plaintiffs and Respondents, v. ARVO JOHN JOHNSON et al., Defendants and Appellants.

Timothy W. O'Brien for Defendants and Appellants.

Bruce B. Bruchler for Plaintiffs and Respondents.

SALSMAN, J.—The defendants appeal from a judgment permanently enjoining them from constructing or maintaining any pier or piling easterly of the low water line of Clear Lake as that line is described in the decree. At the commencement of the action plaintiffs sought and after a hearing obtained a mandatory preliminary injunction by the terms of which defendants were required to remove piling and a pier extending from defendants' property easterly into Clear Lake. The defendants complied with the terms of the mandatory preliminary injunction and took no appeal.

The plaintiffs own and operate a hotel-resort at Clear Lake. Their property borders the arc of a cove on the lake. The defendants own property adjoining that of plaintiffs on the south. The shore line of the lake runs generally in an east-west direction in the easterly portion of plaintiffs' property, and gradually curves to a north-south direction in the westerly portion of plaintiffs' property.

For several years before this litigation arose plaintiffs had maintained a pier extending south into the lake from the easterly tip of plaintiffs' land. This pier extended across

defendants' property line as that line is projected easterly into the lake. In 1958 defendants constructed a line of piling connected by boards from their property easterly into the lake, through plaintiffs' pier and out into deeper water. The effect of defendants' construction was to cut off plaintiffs' access to the lake. Plaintiffs then requested, and the court issued, the mandatory injunction previously referred to.

The permanent injunction by its terms established and found the low water line of the lake with reference to the property of both plaintiffs and defendants, and prohibited defendants from constructing or maintaining any pier or piling easterly of the low water line. It further provided that no proceeding could be brought to enforce the injunction as long as plaintiffs maintained a pier, float or obstruction southerly of the low water line of the lake as described in the decree. Thus the effect of the decree is to prohibit defendants from constructing any pier which would block plaintiffs' access to the lake and, in return, the decree would require plaintiffs to shorten their own pier back to the low water mark. Two diagrams marked ''B'' and ''C'' follow this opinion as an appendix. These drawings aptly illustrate the situation of the parties as the litigation began, and demonstrate in diagrammatic form the equitable result achieved by the court in its decree.

In their attack upon the judgment the defendants assert that it is not supported by the evidence. This is a vain exercise for defendants to undertake. It is primarily directed towards the court's determination of the low water mark. Both parties concede that private ownership of the submerged land extends only to the low water mark. (*City of Newport Beach* v. *Fager,* 39 Cal.App.2d 23 [102 P.2d 438] ; *City of Los Angeles* v. *Aitken,* 10 Cal.App.2d 460 [52 P.2d 585].) The court heard many witnesses, received in evidence a number of diagrams and photographs, as well as official publications, and also viewed the premises. Tested by the rules set out in *Crawford* v. *Southern Pacific Co.,* 3 Cal.2d 427 [45 P.2d 183], and a host of similar cases, the judgment now before us finds abundant support in the evidence.

The court's findings and judgment make no reference to the preliminary mandatory injunction which ordered defendants to remove the piling and structure they had extended across the front of plaintiffs' property. Defendants contend they were damaged by the effect of the decree and offered evidence on this subject in an attempt to recoup their

claimed losses. The court made no finding on this subject. This was proper. This claim was not made in any pleading before the court nor was it an issue in the case. It is settled in our law that damages arising out of the issuance of a temporary injunction may be recovered, if at all, only in an independent action brought for that purpose. (*People* v. *Hawley,* 207 Cal. 395 [279 P. 136]; *Clark* v. *Redlich,* 147 Cal.App.2d 500, 506 [305 P.2d 239].)

The defendants make two further contentions in their appeal. First they argue that plaintiffs should be required to reconstruct their pier so that it will extend easterly from the shore line rather than southerly, and second that the decree is erroneous because its enforcement by plaintiffs is made to depend on plaintiffs' shortening of their own pier back to the low water line. Neither contention has any merit.

It is elementary that the issuance of an injunction rests in the sound discretion of the court. The propriety of any injunction depends upon a comparative appraisal of all the factors involved in the case. (See Rest., Torts, § 936.)

In considering the appropriateness of an injunction the court must weigh the expense, inconvenience and possible harm which may come to the defendants if the injunction is issued, and balance these factors against the detriment which may be suffered by the plaintiffs if the injunction is not issued. (*Clough* v. *W. H. Healy Co.,* 53 Cal.App. 397, 400 [200 P. 378]; *Vesper* v. *Forest Lawn Cemetery Assn.,* 20 Cal. App.2d 157, 163 [67 P.2d 368].) A reference to the diagram will clearly demonstrate how carefully and well the trial judge resolved the issues between these parties according to well established rules of equity practice. Under the terms of the decree the defendants are not permitted to deny plaintiffs access to the lake and plaintiffs, in turn, are required, if they are to have equitable relief, to remove those portions of their piling, pier and wharf which might constitute a possible interference with defendants' rights and privileges. The conditions set forth in the decree are fair and reasonable, and constitute a well recognized method of adjudication. (See *Henigson* v. *Bank of America,* 32 Cal.2d 240, 243 [195 P.2d 777]; *Stein* v. *Simpson,* 37 Cal.2d 79 [230 P.2d 816]; *Chandler* v. *Hibberd,* 165 Cal.App.2d 39 [332 P.2d 133]; *Hercules Glue Co., Ltd.* v. *Littooy,* 45 Cal.App.2d 42 [113 P.2d 490].)

The judgment is affirmed.

Draper, P. J., and Devine, J., concurred.

Diagram B.

State Highway 29

Plaintiffs Property

Cove Blocked from Clean Lake

Normal Shoreline

— Plaintiffs Pier

Defendants Property

Defendants Piling

Clear Lake

*The Problem*

Diagram C

— Plaintiffs Pier

— — Low Water Line

> Portions To be Removed

Defendants Pier

*The Solution*

(RB 6)