[Civ. No. 9137. Fourth Dist., Div. One. Apr. 10, 1969.]

STATE BOARD OF FUNERAL DIRECTORS AND EM-BALMERS, Plaintiff and Appellant, v. MORTUARY IN WESTMINSTER MEMORIAL PARK et al., Defendants and Respondents.

Thomas C. Lynch, Attorney General, and Megan A. Wagner, Deputy Attorney General, for Plaintiff and Appellant.

Wenke, Pilskaln, Kemble & Marx, William F. Wenke, Clock, Waestman & Clock, Henry H. Clock and Abe Mutchnik for Defendants and Respondents.

AULT, J. pro tem.*—This action was brought by the plaintiff, State Board of Funeral Directors and Embalmers, to enjoin the defendants Mortuary In Westminster Memorial Park, a corporation (Mortuary), and Westminster Memorial Park. a corporation (Cemetery), from jointly engaging in allegedly false and misleading advertising in violation of Business and Professions Code sections 17500, 17505, 7617 and 7629. Defendants have separately answered the complaint and each has cross-complained for declaratory relief, requesting a judicial declaration that the specific advertisements referred to in the complaint are not in violation of the Business and Professions Code. After trial, the court found and concluded the advertisements were not in violation of the code sections, refused to issue an injunction, and entered judgment accordingly. From this judgment plaintiff has appealed.

*Assigned by the Chairman of the Judicial Council.

The two respondents are separately owned and operated corporations. The mortuary is licensed by the appellant board, and the cemetery operates under a Certificate of Authority issued by the State Cemetery Board. The mortuary owns the land upon which its building is located in the City of Westminster, County of Orange. The mortuary property is completely surrounded by the property owned and operated by the cemetery. The building housing the administrative offices of the cemetery is adjacent to the mortuary building and the two are connected by a breezeway. One receptionist serves both respondents and they share the cost of her services. No contention is made that the two businesses are not operated separately; the objection is to their advertising.

In 1959 or 1960 respondents began to engage in joint advertising. The specific ads to which the complaint is addressed are:

a. In the yellow pages of the classified telephone directory for Orange County:

"WESTMINSTER
MEMORIAL PARK
Undertaking & Cemetery
TOGETHER"

b. Sign posted near the entrance to the cemetery grounds:
"WESTMINSTER
Memorial Park
MORTUARY—CEMETERY"

c. Newspaper advertisement in Santa Ana Register:
"Everything in one Beautiful Place
WESTMINSTER MEMORIAL PARK
MORTUARY—CEMETERY"

The applicable sections of the Business and Professions Code read: "§ 17500. It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this State, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, any statement concerning such real or personal property or services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition there-

of, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any such person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell such personal property or services, professional or otherwise, so advertised at the price stated therein, or as so advertised.''

''§ 17505. No person shall state, in an advertisement of his goods, that he is a producer, manufacturer, processor, wholesaler, or importer, or that he owns or controls a factory or other source of supply of goods, when such is not the fact, and no person shall in any other manner misrepresent the character, extent, volume, or type of his business.''

''§ 7617. The business of a funeral director shall be conducted and engaged in at a fixed place or establishment.

''No person, partnership, association, corporation or other organization, shall open or maintain a place or establishment at which to engage in or conduct, or hold himself or itself out as engaging in or conducting, the business of a funeral director without a license.''

''§ 7629. No funeral establishment shall be conducted or held forth as being conducted or advertised as being conducted under any name which might tend to mislead the public or which would be sufficiently like the name of any other licensed funeral director so as to constitute an unfair method of competition.

''Any funeral director desiring to change the name appearing on his license may do so by applying to the board and paying the fee fixed by this chapter.''

### Appellant's Contentions

1. Respondents' advertising is misleading and violates section 17500 of the Business and Professions Code in that the use of only one name in their advertisements conceals the fact that there are two separately owned and operated corporations on the premises, each licensed by a separate licensing agency and authorized only to perform the services permissible under their respective licenses.

2. Respondents' advertising misrepresents the character, extent and/or type of their respective businesses in violation of Business and Professions Code section 17505.

3. Respondent funeral director is advertising under a name

which might tend to mislead the public in violation of Business and Professions Code section 7629.

4. Respondent cemetery is holding itself out as conducting the business of a funeral director without a license in violation of Business and Professions Code section 7617.

■ There is no dispute or conflict in the evidence. Thus, the finding of the trial court that the advertisements are not in violation of the applicable sections of the Busness and Professions Code amounts to a conclusion of law. As such, it is not binding on this court and our decision involves an independent judgment. (*San Diego Trust & Sav. Bank* v. *County of San Diego*, 16 Cal.2d 142, 153 [105 P.2d 94, 133 A.L.R. 416] ; *Leis* v. *City & County of San Francisco*, 213 Cal. 256, 258 [2 P.2d 26].)

■ The cases cited by appellant are not helpful to its position. The factual situations involved in them are so distinguishable as to make them almost unrelated to the question presented here. Great emphasis is placed upon the fact that only one name, ''Westminster Memorial Park,'' is used in the advertisements and it is urged this gives the false impression of sole ownership, of one entity which offers both mortuary and cemetery services. The fact is ''Westminster Memorial Park'' is part and parcel of the official name of both respondents. It is the exact name under which the cemetery is licensed by the state; the mortuary is licensed by appellant board as ''Westminster Memorial Park Mortuary.'' Of more importance is the fact that both respondents are located in Westminster Memorial Park.

Appellant's contentions and arguments are tenuous and require a strained and unjustified interpretation of the advertisements. Nothing in them is directed toward ownership entities or licensing, and it is doubtful that any person reading the advertisements would think about these matters one way or another. What a person of ordinary intelligence would imply is that both mortuary and cemetery services are available at the same location. Nothing in the advertisements indicates the mortuary is doing cemetery business or the cemetery is doing mortuary business.

■ The appellate courts of this state in a series of cases have held that mortuaries may properly be operated on cemetery premises. (*Wing* v. *Forest Lawn Cemetery Assn.*, 15 Cal.2d 472 [101 P.2d 1099, 130 A.L.R. 120] ; *Forest Lawn etc. Assn.* v. *State Board of Embalmers & Funeral Directors*, 134

Cal.App. 73 [24 P.2d 887]; *Sunset View Cemetery Assn.* v. *Kraintz,* 196 Cal.App.2d 115 [16 Cal.Rptr. 317]; *Vesper* v. *Forest Lawn Cemetery Assn.,* 20 Cal.App.2d 157 [67 P.2d 368].) Where a mortuary and a cemetery are situated together, it would appear proper for them to make this convenient fact known to the public through the simple advertisements and sign here involved without reference to their separate corporate structures and the details of their separate licensing arrangement with the State of California. No one is likely to be deceived.

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.